MONSERRATE RIVERA, demandante y apelada, *v.* SALVIO DURÁN VÁZQUEZ, JUAN JOSÉ GERARDINO y JOAQUÍN ORTIZ, demandados y apelantes los dos últimos.

Núm. 8225.—*Sometido:* Junio 16, 1941. *Resuelto:* Noviembre 18, 1941.

*Felipe Colón Díaz,* abogado de los apelantes; *Francisco Capó Pagán,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El presente recurso nos ha sido sometido mediante moción para que el mismo sea desestimado por causa de frivolidad.

Monserrate Rivera demandó ante la Corte de Distrito de Ponce a Salvio Durán y a sus dos fiadores Juan J. Gerardino y Joaquín Ortiz, para recobrar la suma de $1,561.09 por concepto de daños y perjuicios causádosle por el embargo indebido de sus bienes en un pleito sobre nuli-

dad de testamento incoado por Durán contra dicha demandante y aquí apelada. Dicho pleito fué fallado a favor de la demandada Monserrate Rivera, siendo confirmada la sentencia por esta Corte Suprema en julio 30 de 1938. Véase *Durán* v. *Sucesión Durán*, 53 D.P.R. 750.

La Corte de Distrito de Ponce dictó sentencia, por la cual condenó a los demandados Gerardino y Ortiz, mancomunada y solidariamente, a pagar a la demandante Monserrate Rivera una indemnización de $970.28, más $150 por concepto de honorarios de abogado. Es contra esa sentencia que los demandados han interpuesto el presente recurso, en el que imputan a la corte sentenciadora la comisión de los siguientes errores:

"1. Cometió error la Corte de Distrito de Ponce al declarar, como declaró, sin lugar nuestra moción solicitando un *bill of particulars*.

"2. Erró la corte inferior al declarar con lugar la demanda, concediendo a la demandante la cantidad de $1,159.37, por ser contraria a la evidencia documental presentada por la parte demandada y, además, por ser contraria a la ley sobre intereses que rige en Puerto Rico.

"3. Erró la corte inferior al concederle a la parte demandante una cantidad mayor que la propuesta por los demandados a la demandante en nuestra moción de transacción.

"4. Erró igualmente la corte inferior al concederle a la parte demandante honorarios de abogado."

En la demanda radicada por Monserrate Rivera, ésta alegó que en la fecha en que se practicó el embargo del dinero depositado a su nombre en el banco, ella tenía concertada una operación para colocar $2,000 en hipoteca sobre bienes inmuebles, a un tipo de interés no menor de 12 por ciento anual; y que dicha operación no pudo llevarse a cabo por causa del embargo. Los demandados solicitaron que se ordenase a la demandante que revelase el nombre de la persona a quien se iba a hacer el préstamo y el inmueble sobre el cual habría de constituirse la hipoteca. La corte inferior

denegó la moción por entender que los informes solicitados constituían "materia evidenciaria impropia de una alegación."

La concesión o denegación de una moción solicitando un pliego de especificaciones es una cuestión que cae dentro de la sana discreción de la corte. 49 C.J. sec. 887, pág. 625. Como regla general, una parte litigante no puede ser obligada a descubrir la evidencia de que intenta valerse, ni tampoco el nombre de los testigos que piensa presentar. 49 C. J., sec. 900, pág. 637.

En el caso de autos, los demandados fueron suficientemente informados por la demanda de la naturaleza de los daños que la demandante alegaba haber sufrido como consecuencia del embargo ilegal de su dinero. El nombre de la persona a quien se iba a hacer el préstamo y la finca que el prestatario habría de dar en garantía no eran datos absolutamente necesarios para que los demandados pudiesen contestar la demanda. En el acto del juicio, según consta de la transcripción de la evidencia, se probó que la persona con quien se había contratado el préstamo era Manuel Soldevila Ferrer y se identificaron las fincas que habían de ser hipotecadas. Los demandados tuvieron la oportunidad de repreguntar al testigo y de controvertir sus manifestaciones.

El error, si alguno se hubiere cometido, no fué perjudicial a los demandados y es frívolo.

■ La cantidad concedida como indemnización fué la de $970.28, y no la de $1,159.37 como erróneamente se alega en el segundo señalamiento.

La ley vigente en marzo 31 de 1933, fecha en que se practicó el embargo y cuando la señora Rivera concertó con el señor Soldevila el préstamo de $2,000 al 12 por ciento anual, era la titulada "Ley sobre fijación de interés en toda clase de obligaciones," aprobada en primero de marzo de 1902 y enmendada por la de 12 de marzo de 1903. Dicha ley permitía la contratación de préstamos a un tipo de interés no mayor de 12 por ciento anual. La ley núm. 5 aprobada

en 17 de agosto de 1933, enmendó la del primero de marzo de 1902, reduciendo a 9 por ciento y 8 por ciento el tipo de interés, según la cuantía de la obligación. Dicha ley, aun cuando empezó a regir inmediatamente después de su aprobación, no puede ser aplicada a una obligación contraída con anterioridad a dicha fecha. No erró, pues, la corte inferior al computar los daños sufridos por la demandante, tomando como base el tipo de 12 por ciento estipulado.

■ Los dos últimos señalamientos carecen en absoluto de méritos. La proposición de transacción hecha por los demandados durante la pendencia del pleito, no obliga en nada a la demandante. Ésta no aceptó dicha oferta de transacción y obtuvo una sentencia por cantidad mayor que la que le fué ofrecida. Véase: artículo 313 del Código de Enjuiciamiento Civil.

■ La corte sentenciadora tiene la facultad discrecional necesaria para imponer a la parte perdidosa el pago de honorarios de abogado. La suma concedida en este caso es a nuestro juicio razonable. No encontramos justificación alguna para sostener que la corte inferior abusara de su discreción.

*El recurso debe ser desestimado por ser frívolo.*

El Juez Asociado Sr. Todd, Jr., no intervino.