José Ramírez González, demandante y apelado, *v.* Julio M. Morales, demandado y apelante.

Núm. 9839.—*Sometido:* Marzo 1, 1949. *Resuelto:* Marzo 18, 1949.

704

*A. L. López,* abogado del apelante; *R. Arjona Siaca* y *A. Figueroa Rivera,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En reclamación de daños y perjuicios por la muerte accidental de una hija de cinco años de edad, José Ramírez González instó demanda de daños y perjuicios contra Julio M. Morales ante la Corte de Distrito de Humacao. Trasladado el caso a la Corte de Distrito de Caguas, ésta dictó sentencia, luego de un juicio en los méritos del caso, declarando con lugar la demanda y condenando al demandado a pagar al demandante por concepto de daños y perjuicios la suma de $6,000, con costas y $400 para honorarios de abogado. De ella apeló oportunamente el demandado y en apoyo de su recurso señala los errores que pasaremos a discutir en seguida.

■■ En primer lugar sostiene el apelante que la corte inferior erró al declarar sin lugar su excepción previa al efecto de que la demanda es ambigua por no decir en qué consiste

la suma de $307 a que se hace referencia en el párrafo sexto de la misma. Después de exponerse en la demanda que el 11 de julio de 1942 como a las 7:00 de la tarde la menor Diana Ramírez López, hija del demandante y su esposa Rosa López, fué golpeada por el automóvil del demandado Julio M. Morales, mientras era conducido por éste cerca del kilómetro 21, hectómetro 9, de la carretera que va de Las Piedras a San Lorenzo, en el párrafo sexto de ella se alega que "el demandante ha incurrido con motivo de los golpes que recibió su hija Diana Ramírez López en gastos hasta una suma de $307."

Un pleito de daños y perjuicios es una acción civil ordinaria y por disposición expresa de la Regla 81(a) a la misma le son aplicables actualmente las Reglas de Enjuiciamiento Civil. De acuerdo con la Regla 7(c) las excepciones previas han quedado abolidas. Sin embargo, la excepción de ambigüedad fué radicada en este caso con anterioridad a la vigencia de dichas Reglas. Empero, no vemos en verdad que el párrafo sexto de la demanda presentada en este caso sufra de tal ambigüedad. La corte inferior actuó acertadamente al declarar sin lugar la cuestión así planteádale.

■■ También insiste el apelante en que el tribunal a quo erró al declarar sin lugar su solicitud interesando un pliego de particulares demostrativo de la forma en que se gastaron los aludidos $307 y del modo en que se descompone la suma de $20,000 reclamada por el demandante en concepto de daños y perjuicios. Muchos han sido los casos en que este tribunal ha resuelto que la concesión o denegatoria de un pliego de particulares cae enteramente dentro de la sana discresión del tribunal sentenciador y que con la misma no intervendremos, a no ser que se nos demuestre claramente que su actuación perjudicó derechos sustanciales. *Rivera* v. *Durán,* 59 D.P.R. 491; *Lafont* v. *Bird,* 57 D.P.R. 142; *Rivera* v. *Vahamonde,* 57 D.P.R. 810; *Molina* v. *Rodríguez,* 40 D.P.R. 690. Tal cosa no ocurre en este caso.

El tercer error imputado por el demandado a la corte sentenciadora es que ésta erró al no admitir en evidencia el expediente del caso criminal seguido por El Pueblo de Puerto Rico en su contra ante la Corte de Distrito de Humacao.

Mientras desfilaba la prueba del demandado, éste puso en la silla de los testigos al fiscal que en la Corte de Distrito de Humacao solicitó el archivo y sobreseimiento de la causa criminal seguida contra el aquí demandado, por entender dicho funcionario que a juzgar por las declaraciones que tenía ante sí se trataba de un accidente desgraciado del cual el acusado no era responsable. El demandante se opuso a que el fiscal continuara declarando en ese sentido y la corte sostuvo su objeción. El demandado entonces ofreció en evidencia el expediente completo del caso criminal seguido en su contra, indicando que lo hacía "para probar que se trata de un incidente desgraciado en que no intervino la negligencia del demandado." Se opuso el demandante y una vez más su objeción fué sostenida, quedando en evidencia dicho expediente como prueba ofrecida y no admitida.

Provee el artículo 2 del Código de Enjuiciamiento Civil que "Cuando la violación de un derecho permita el ejercicio de ambas acciones, la civil y la criminal, el derecho de ejercer la una no impide el derecho de ejercer la otra." Al acusarse criminalmente al aquí demandado por la muerte de la menor y al presentarse demanda civil en su contra por daños y perjuicios se actuó en armonía con el precepto que acabamos de citar. Mas aunque se basan en los mismos hechos, la causa criminal y la civil son completamente independientes entre sí. *Díaz* v. *Ayala,* 68 D.P.R. 928; *Guzmán* v. *Vidal,* 19 D.P.R. 841; *Díaz* v. *The San Juan L. & T. Co.,* 17 D.P.R. 69; *Zalduondo* v. *Sánchez,* 15 D.P.R. 231 y *Landrón* v. *Saldaña,* 8 D.P.R. 438. Véanse también 1 Cal. Jur. sección 10, pág. 317 y 1 Am. Jur. secciones 40 y 43, págs. 431 y 434. Al levantarse la debida objeción, como ocurrió en este caso, el

expediente de la una no es admisible en evidencia al ofrecerse como prueba en la otra. 30 Am. Jur. 1002, sec. 289.

En los errores cuarto y quinto se alega que fué un error de la corte sentenciadora condenar al demandado a pagar la excesiva cantidad de $6,000 en concepto de daños y perjuicios, así como la suma de $400 para honorarios de abogado.

La prueba del demandante tendió a demostrar que el 11 de julio de 1942 Diana Ramírez López, quien para aquel entonces contaba cinco años de edad y quien era hija del demandante y su esposa, se hallaba parada en el badén derecho de la carretera que conduce de Las Piedras a San Lorenzo; que el vehículo conducido por el demandado corría en ese momento a velocidad moderada en la dirección indicada, pero. haciendo zigzags, y que luego de echarse hacia un lado de la carretera con el propósito, de evitar arrollar a otros niños que allí jugaban, el vehículo se desvió hacia su derecha en tal forma que chocó con la menor, golpeándola fuertemente; y que como resultado de las lesiones recibidas ésta falleció al siguiente día. La del demandado fué al efecto de que en el momento que él pasaba en su vehículo por la indicada carretera, la niña atravesó corriendo de derecha hacia izquierda y chocó con su automóvil, siendo la muerte de ésta un accidente desgraciado. La corte inferior no dió crédito a la prueba del demandado, llegando a la conclusión de que el accidente tuvo lugar debido a la culpa y negligencia de éste. Creemos que la indemnización de $6,000 no fué exagerada. *Rojas v. Maldonado;* 68 D.P.R. 818, 831; *Meléndez v. Metro Taxicabs,* 68 D.P.R. 766, 771; *De Gracia v. Guardiola,* 37 D.P.R. 833, 844 y *Rivera v. Vahamonde,* supra.

La concesión de honorarios de abogado es discrecional en el tribunal sentenciador. En nuestra opinión no hubo abuso de discreción en este caso al condenar al demandado al pago de honorarios ni al fijar la cuantía de éstos. *Rivera v. Durán,* supra; *Meléndez v. Metro Taxicabs,* supra.

*Debe confirmarse la sentencia apelada.*