HERMANDAD UNIDA DE CARPINTEROS Y EBANISTAS DE AMÉRICA, AFL–CIO, demandante y recurrida, *v.* V. & E. ENGINEERING CONSTRUCTION CO., INC., ING. VÍCTOR GONZÁLEZ, LEVITT HOMES INC. y RELIANCE INSURANCE COMPANY, demandados, y peticionaria la tercera.

*Número:* O-84-183     *Resuelto:* 29 de octubre de 1984

*Jorge L. Capó Matos* y *Raymond E. Morales,* de *O'Neill & Borges,* abogados de la peticionaria; *Nicolás Delgado Figueroa,* abogado de la recurrida.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

Este caso plantea la necesidad de aclarar aspectos esenciales de la Regla 35.1 de Procedimiento Civil, referente al procedimiento de oferta de sentencia.

El 23 de febrero de 1982 la recurrida, Hermandad Unida de Carpinteros y Ebanistas de América, AFL–CIO (la Hermandad) demandó por cien mil dólares a V. & E. Engineering Construction Co., Inc., a Levitt Homes, Inc. (Levitt) y a otros por no deducir las cuotas de la Unión y cometer alegadas violaciones adicionales al convenio entre la Hermandad y V. & E. Engineering.

Dos días después de contestar la demanda Levitt notificó a la Hermandad una oferta para consentir a que se dictase sentencia en su contra por la cantidad de mil doscientos dólares. La oferta fue rechazada.

Después de completarse el descubrimiento de la prueba y otros trámites, la partes solicitaron que el tribunal de

instancia resolviese el aspecto de la responsabilidad vicaria de Levitt por la deuda de V. &. E. Engineering, una contratista independiente empleada por Levitt y otros en diversos proyectos. El 9 de diciembre de 1983 el tribunal de instancia dictó sentencia sumaria en que desestimó la demanda contra Levitt y condenó a la Hermandad al pago de costas. Levitt presentó entonces un memorando de costas por $819.92 y una moción bajo la Regla 35.1 para que se le concediesen $5,226.50 por concepto de honorarios de abogado incurridos a partir de la fecha de la referida oferta de sentencia. El tribunal declaró sin lugar la moción sobre los honorarios, así como ciertos renglones del memorando de costas. Levitt ha recurrido a este foro.

La Regla 35.1 de Procedimiento Civil dispone:

> En cualquier momento antes de los diez (10) días precedentes al comienzo del juicio, la parte que se defiende de una reclamación podrá notificar a la parte adversa una oferta para consentir a que se dicte sentencia en su contra por la cantidad o por la propiedad o en el sentido especificado en su oferta, con las costas devengadas hasta ese momento. Si dentro de los diez (10) días siguientes a la notificación la parte adversa notificare por escrito que acepta la oferta, cualquiera de las partes podrá presentarla junto con la notificación de su aceptación y la prueba de su notificación, y entonces el secretario del tribunal dictará sentencia. Si no fuere así aceptada, será considerada como retirada y la misma no será admisible en evidencia, excepto en un procedimiento para determinar costas, gastos y honorarios de abogado. Si la sentencia que obtuviere finalmente la parte a quien se le hizo la oferta no fuera más favorable, ésta tendrá que pagar las costas, gastos y honorarios de abogado incurridos con posterioridad a la oferta. El hecho de que se haga una oferta y ésta no sea aceptada no impide que se haga otra subsiguiente. Cuando la responsabilidad de una parte haya sido adjudicada mediante sentencia pero queda aún por resolverse en procedimientos ulteriores la cuantía de los daños o extensión de dicha responsabilidad, la parte cuya responsabilidad se haya adjudicado podrá notificar una oferta de sentencia y la misma tendrá el mismo efecto que una oferta hecha antes de juicio si se notifica

dentro de un término razonable no menor de diez (10) días antes del comienzo de la vista. (¹) 32 L.P.R.A. Ap. III, R. 35.1.

■ La cuestión precisa que plantea este caso es determinar el significado de la frase: "Si la sentencia que obtuviere finalmente la parte a quien se le hizo la oferta no fuera más favorable, ésta tendrá que pagar las costas, gastos y honorarios de abogado incurridos con posterioridad a la oferta." ¿Se incurre en tal obligación cuando la sentencia que se dicte finalmente favorece a quien hace la oferta en vez de a quien la recibe?

El Tribunal Supremo de Estados Unidos se enfrentó a esta misma interrogante en *Delta Air Lines, Inc.* v. *August*, 450 U.S. 346 (1981). Por decisión de cinco contra cuatro jueces, el tribunal resolvió que la Regla 68 federal de Proc. Civil es inaplicable a las situaciones en que la sentencia favorece a la parte demandada.

■ Las decisiones del Tribunal Supremo de Estados Unidos en este campo tienen únicamente valor persuasivo en esta jurisdicción, cual es la situación en los estados, aunque se trate de textos idénticos. Ello es así aun en el caso de disposiciones constitucionales, sujeto a las normas que hemos reiterado en repetidas ocasiones. *Pueblo* v. *Dolce*, 105 D.P.R.

---

(¹) Esta Regla deriva de la 68 federal, con algunas variantes.

"At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability." Fed. Rules Civ. Proc., Rule 68, 28 U.S.C.A.

422, 426–428 (1976); M. Vitiello, *Independent and Adequate State Grounds: A Stone Unturned by Louisiana's Criminal Defense Bar?*, 25 Loy. L. Rev. 745 (1979); Nota, *Camping on Adequate State Grounds: California Ensures the Reality of Constitutional Ideals*, 9 Sw. U.L. Rev. 1157 (1977).

No consideramos convincente la posición de la mayoría en *Delta Air Lines, Inc.* v. *August*, supra. Según señaló el Juez Rehnquist en su opinión disidente, ni el texto, ni el historial ni el propósito de la Regla permiten concluir que un demandado que gana un pleito debe ser colocado en peor posición que el que lo pierde por suma menor que la ofrecida.

La posición mayoritaria en *Delta Air Lines, Inc.*, supra, ha sido objeto de crítica severa. Nota, *Delta Air Lines, Inc.* v. *August: Taking the Teeth out of Rule 68*, 43 U. Pitt. L. Rev. 765 (1982); J. F. Barnicle, *Offers of Judgment under Federal Rule 68: The Impact of Delta Air Lines, Inc.* v. *August*, 26 Trial Law. Guide 139 (1982). Hasta la emisión del dictamen en *Delta Air Lines, Inc.*, supra, la norma federal era contraria a la dispuesta luego. *Mr. Hanger, Inc.* v. *Cut Rate Plastic Hangers, Inc.*, 63 F.R.D. 607 (E.D.N.Y. 1974); *Scheriff* v. *Beck*, 452 F. Supp. 1254 (D. Colo. 1978).

En *Beattie* v. *Thomas*, 668 P.2d 268 (Nev. 1983), el Tribunal Supremo de Nevada rehusó regirse por la doctrina de *Delta Air Lines, Inc.* v. *August*, supra. El Tribunal expresó:

> . . . Rehusamos adoptar el razonamiento de *Delta Air Lines*, no sólo por las diferencias entre NRCP 68 y FRCP 68 [la regla de Nevada, al igual que la nuestra, incluye expresamente los honorarios de abogado, contrario a la federal], sino porque tal razonamiento lleva a un resultado anómalo. Bajo la norma propuesta por el apelante y adoptada por la mayoría en *Delta Air Lines*, el receptor de una oferta sería penalizado en caso de obtener sentencia a su favor en términos menos favorables que los ofrecidos, mas no estaría sujeto a penalidad alguna en caso de perder el pleito. (Traducción nuestra y escolio omitido.) Pág. 274.

Al mismo efecto, pero anterior a *Delta Air Lines, Inc.*, supra *Wright* v. *Vickaryous*, 611 P.2d 20, 23 (Alaska 1980).

La opinión mayoritaria en *Delta Air Lines, Inc.*, supra, consigna acertadamente su preocupación por el problema de las ofertas irrazonables, mas para resolverlo no es necesario llegar al mismo resultado que el alcanzado allí. El propósito básico de la Regla 35.1 de Proc. Civil es fomentar las transacciones. Tal objetivo se derrota si se permite invocar la regla mediante ofertas de sentencia irrisorias o irrazonables. Hemos dictaminado que el principio de la buena fe es exigencia general de nuestro derecho. *Velilla* v. *Pueblo Supermarkets, Inc.*, 111 D.P.R. 585, 587–588 (1981). La Regla 35.1 no es operante cuando dentro del contexto de cada caso, la oferta no es realista, razonable y producto de la buena fe. Igual doctrina prevalece en algunos otros foros. *Corley* v. *Epperson*, 353 So.2d 794 (Ala. 1978); Barnicle, *op. cit.*, págs. 162–163. De darse las circunstancias para la operación de la Regla, el tribunal de instancia conserva naturalmente su discreción para determinar la razonabilidad de la cuantía de honorarios que interesa cobrar el oferente.

Por último, cabe señalar que el concepto de costas, tanto bajo nuestra Regla 35.1 de Proc. Civil, como bajo la 44.1(a), se regirá por lo dispuesto en *Garriga, Jr.* v. *Tribunal Superior*, 88 D.P.R. 245 (1963).

*Se expedirá el auto, se revocará la resolución recurrida y se devolverá el caso a instancia para procedimientos ulteriores compatibles con esta opinión.*

Los Jueces Asociados Señores Irizarry Yunqué y Rebollo López emitieron votos concurrentes separados.

—O—

Opinión concurrente emitida por el Juez Asociado Señor Irizarry Yunqué.

He suscrito mi conformidad con la opinión que hoy se emite. No obstante, me parece oportuno hacer algunas expresiones atinentes a lo que estamos resolviendo.

Cabe señalar que si bien la Regla 35.1 de Procedimiento Civil nos viene de la Regla 68 de *Federal Rules of Civil*

*Procedure,* vía la 35.1 de las Reglas de 1958, sus alcances tienen que enmarcarse en el contexto tradicional nuestro de las normas sobre imposición de costas y honorarios de abogado, que es distinto al de las Reglas federales y que se mantiene en nuestras Reglas.

En el ordenamiento federal la imposición de costas a la parte perdidosa no es mandatoria. En lo aquí pertinente, la Regla 54(d) federal de Proc. Civil dispone:

> (d) *Costs*
>
> Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . . . Fed. Rules Civ. Proc., Rule 54(d), 28 U.S.C.A.

En nuestra jurisdicción la situación es diferente y ha sido por tradición jurídica diferente. Así, el Código de Enjuiciamiento Civil de 1933 disponía, en su Art. 327, 32 L.P.R.A. sec. 1461, que "[l]a parte a cuyo favor se dicte cualquier sentencia o resolución final le serán concedidas las costas". Esta disposición fue recogida en la Regla 44.4(a), Reglas de Procedimiento Civil, 1958, así:

> (a) *Su concesión.* Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, excepto en aquellos casos en que se dispusiera lo contrario por ley o por estas reglas.

Esta disposición fue repetida en las vigentes Reglas (1979), a la que se le adicionó el concepto de costas que adoptamos en *Garriga, Jr.* v. *Tribunal Superior,* 88 D.P.R. 245 (1963). La Núm. 44.1(a) expresa:

> (a) *Su concesión.* Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, excepto en aquellos casos en que se dispusiera lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que un litigante debe reembolsar a otro. 32 L.P.R.A. Ap. III, R. 44.1(a).

Como puede verse, en esta materia de costas nos apartamos de la norma federal e, independientemente de la aplicabilidad de la Regla 35.1 sobre ofertas de sentencia, si se declara sin lugar una demanda el demandante siempre vendrá obligado a pagar las costas no importa que mediara una oferta de sentencia. La única variante sería si el demandante prevaleciera en la sentencia, pero por una cantidad menor a la ofrecídale bajo la Regla 35.1, en cuyo caso, por excepción a la regla general, vendría obligado a satisfacer las costas incurridas por el demandado con posterioridad a la oferta. Dice, en lo pertinente, la Regla 35.1:

> ... Si la sentencia que obtuviere finalmente la parte a quien se le hizo la oferta no fuera más favorable, ésta tendrá que pagar las costas, gastos y honorarios de abogado incurridos con posterioridad a la oferta. ...

En cuanto al aspecto de honorarios de abogado, nuestra tradición jurídica se basa en la determinación de temeridad y ello ha descansado siempre en la sana discreción del tribunal sentenciador. Así fue reiteradamente expresado por este Tribunal al interpretar la disposición del Art. 327 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1461, que autoriza la imposición de honorarios de abogado.[1] Véanse: *Segarra* v. *Vivaldi*, 59 D.P.R. 803 (1942); *Ramírez* v. *Morales*, 69 D.P.R. 703 (1949); *Cerra* v. *Motta*, 70 D.P.R. 861 (1950); *Torres* v. *Biaggi*, 72 D.P.R. 869 (1951). Y así sigue siendo bajo las vigentes Reglas de Procedimiento Civil. Dice la 44.1(d):

---

[1] En lo pertinente disponía:

"En caso de que cualquier parte haya procedido con temeridad la corte debe imponerle en su sentencia el pago de los honorarios del abogado de la otra parte, estableciendo en su sentencia el montante de dichos honorarios, teniendo en cuenta el grado de culpa en el litigio y trabajo necesariamente prestado por el abogado de la otra parte; *Disponiéndose*, que nada de lo contenido en esta sección se entenderá en el sentido de conceder honorarios de abogado para ser incluidos en las costas que se impusieran a un demandado que no hubiere radicado su comparecencia en una acción o procedimiento, excepto en el caso de que dicho demandado se hubiere obligado a ello." (Énfasis suplido.)

(d) *Honorarios de abogado.* En caso que cualquier parte haya procedido con temeridad, el tribunal deberá imponerle en su sentencia el pago de una suma por concepto de honorarios de abogado.

Esta regla, equivalente a la 44.4(d) de las Reglas de 1958, no corresponde con regla alguna federal.

De lo expresado resulta claro que en esta jurisdicción, como regla general, las costas se imponen mandatoriamente a la parte perdidosa en un pleito, pero la imposición de honorarios de abogado va vinculada a la determinación de temeridad que a su vez está regida por la discreción del juzgador.

Es dentro de ese marco que debe operar la Regla 35.1. No tenemos que buscar apoyo en *Delta Air Lines, Inc.* v. *August,* 450 U.S. 346 (1981). La Regla 35.1 no puede ni debe ser camisa de fuerza que inmovilice la discreción judicial al extremo de permitir cosas absurdas. [2] El tribunal debe siempre tener la facultad de hacer uso de su discreción judicial y determinar, considerando las circunstancias del caso, si la oferta de sentencia fue hecha de buena fe y constituía una oferta razonable, y si su rechazo fue razonable. Es así como debe determinarse la aplicabilidad de la Regla 35.1, sin necesidad de distinguir entre el caso en que la sentencia concede una cantidad inferior a la ofrecida y el caso en que la sentencia nada concede a la parte a quien se le hubiese hecho la oferta.

---

[2] Un ejemplo de lo absurdo sería el caso de una demanda por daños por alegada negligencia de un médico. Sabido es que en estos casos las partes dependen en gran medida de opiniones y dictámenes periciales. El demandante ha sufrido daños físicos que bien podrían justificar una sentencia de $100,000 o más y sus peritos sostienen de buena fe la responsabilidad del médico. Por otra parte éste también está convencido de que no es responsable y hace una oferta de sentencia, para poner coto a un pleito que entiende es frívolo, por $1,000. Por supuesto, es rechazada. De determinarse en la sentencia que no quedó preponderantemente probada la responsabilidad del médico y desestimar la demanda, el demandante se vería abocado, no obstante no haber sido temerario a tener que pagar por honorarios de abogado substanciales.

Entiendo que ese es el alcance de la opinión que hoy emitimos, según queda resumido en sus últimos párrafos. Por ello he suscrito mi conformidad.

—O—

Voto concurrente separado emitido por el Juez Asociado Señor Rebollo López.

He dado mi conformidad a la decisión que hoy emite este Tribunal debido a que entiendo que la misma, en términos generales, es jurídicamente correcta. Nos preocupa, sin embargo, la interpretación y alcance que puedan darle a la presente decisión los tribunales de instancia y la clase togada en general en Puerto Rico.

La decisión no debe ser interpretada —*por lo menos, desde nuestro punto de vista particular*— como un freno a la litigación genuina y honesta, o como un castigo al que acude al foro judicial en busca de justicia debido a que honestamente se siente perjudicado por otro, o como que otorga una indebida ventaja al litigante poderoso frente al que no lo es, o como un mandato para que se impongan las cuantiosas sumas de dinero gastadas en honorarios de abogado —en ocasiones infladas— por un litigante que ha sido demandado, ha hecho una oferta de sentencia, pero que finalmente prevalece.

No hay duda de que ante nuestras salas de justicia se radican innumerables casos que son inmeritorios. Pero no todo caso en que finalmente se declara sin lugar una demanda significa necesariamente que el mismo no debió haber sido radicado. Todos los días surgen situaciones de hecho, que no pueden ser resueltas extrajudicialmente, sobre las cuales profesionales competentes tienen profundas y honestas diferencias de criterio respecto a cuál es el derecho aplicable a dicha situación o quién es, o no es, jurídicamente responsable, y en relación con las cuales se hacen rutinariamente como cuestión de estrategia ofertas de sentencia. [1]

---

[1] Normalmente por el "valor de fastidio" (*nuisance value*) del pleito.

Entendemos, al igual que el Honorable Juez Irizarry Yunqué, que el criterio rector en cuanto a la concesión o no —y la cuantía a concederse— de honorarios de abogado *debe ser siempre* la sana y juiciosa discreción del tribunal sentenciador, ejercitada dicha discreción a la luz de su determinación sobre la existencia, o no, de temeridad de la parte perdidosa; en esta clase de situación, de la parte demandante.

En ese sentido, y de acuerdo con nuestra manera de ver las cosas, la decisión que hoy se emite no "altera" la situación jurídica imperante en nuestra jurisdicción. Lo que sí hace la presente decisión es "aclarar" la disposición específica que contiene la Regla 35.1 de las de Procedimiento Civil, a los efectos de que una sentencia desestimatoria de la demanda que ha radicado un demandante es obviamente "menos favorable" para éste que una oferta de transacción que, vigente el pleito, le fuera hecha por la parte demandada.