TEODOMIRA MELÉNDEZ y OTROS, demandantes y recurridos, *v.* JOSÉ LEBRÓN RODRÍGUEZ y OTROS, demandados y recurrentes.

Número: R-80-601     Resuelto: 13 de mayo de 1981

*Angel Valentín Sierra*, abogado de la parte recurrente; *Wilfredo A. Géigel*, abogado de la parte recurrida.

SENTENCIA

Concedimos a la parte recurrida un término "para mostrar causa por la cual no debe expedirse el auto solicitado y una vez expedido modificar la sentencia dictada por el Tribunal Superior, Sala de San Juan, Pérez Pérez, J., en el caso de Meléndez v. Lebrón, caso # 73-1682(801) en el sentido de limitar las indemnizaciones concedidas sólo a los demandantes Teodomira Meléndez, Efraín Torres Meléndez, Myrna Rodríguez Torres y Marcolina Torres considerado el hecho de que solo declararon Teodomira y Efraín y la estipulación se limita al hecho de que 'de declarar Myrna Rodríguez Torres y Marcolina Torres declararían lo mismo que han declarado los demandantes exclusivamente en cuanto a los daños', ver *Moa* v. *E.L.A.*, 100 D.P.R. 573–587, sílabo 8 y conceder los intereses desde la fecha de la sentencia y modificar la suma concedida por honorarios de abogado".

La comparecencia de la recurrida no nos convence. En *Moa* v. *E.L.A.*, 100 D.P.R. 573, 587 (1972), expresamos que ". . . como el dolor y sufrimiento no pueden ser objeto de cotización, para determinar el valor razonable de tales daños morales es preciso que el reclamante, en cada caso, aporte los factores de evidencia necesarios para evaluarlos justa y adecuadamente, probando que no se trata de una simple pena pasajera, sino que, en alguna medida apreciable, el reclamante realmente quedó afectado en su salud, bienestar y felicidad . . .".

Así, procede eliminar las indemnizaciones concedidas a Sandra, Sixto, Efigenia, Carmen, Delia, María Inés, Gloria, Jorge Luis y Juanita.

Procede, además, modificar la sentencia en el sentido de que los intereses se pagarán a partir de la fecha de la sentencia —Regla 44.3 de las de Procedimiento Civil— y se reduce la cuantía de honorarios de abogado de $9,000 a $5,000.

Se expide el auto, se modifica la sentencia dictada por

el Tribunal Superior, Sala de San Juan, Pérez Pérez, J., en los términos antes expuestos y, así modificada, se confirma.

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Juez Asociado Señor Irizarry Yunqué emitió opinión disidente a cual se une el Juez Presidente Señor Trías Monge y el Juez Asociado Señor Rigau.

(Fdo.) Ernesto L. Chiesa
*Secretario*

—O—

Opinión disidente del Juez Asociado Señor Irizarry Yunqué a la cual se une el Juez Presidente Señor Trías Monge y el Juez Asociado Señor Rigau.

El 6 de diciembre de 1972, a eso de las 6:30 de la mañana, mientras don Juan Torres Ortiz, de 82 años de edad, se encontraba cerca de su casa, a orillas de una carretera en el Barrio Palomas de Comerío, fue aplastado por un cargamento de cajas de piña que se desprendió de un camión que a la sazón pasó por el lugar. Ello le causó la muerte instantáneamente. Su viuda, doña Teodomira Meléndez; sus hijos, Marcolina, Efraín, Sixto, Efigenia, Carmen, Delia, María Inés, Gloria, Jorge Luis y Juanita; y dos nietas, Sandra y Myrna, hijas de su hija Juanita, demandaron por daños y perjuicios al dueño y al operador del camión, y a la Autoridad de Tierras, entidad para la cual se transportaban las piñas.

En su sentencia, halló probado el Tribunal Superior, Sala de San Juan, que el accidente se debió a que el camión era conducido a velocidad exagerada y a que la carga había sido mal colocada sobre su plataforma, sin estar bien asegurada o amarrada para evitar que se desplazara de la plataforma. En consecuencia condenó a los demandados a indemnizar a los demandantes en las

siguientes cantidades por los daños morales sufridos por cada uno: $8,000.00 a la viuda; $6,000.00 a Marcolina e igual cantidad a Efraín, y $5,000.00 para cada una de las nietas, Sandra y Myrna, hijos y nietas que vivían en compañía de don Juan; y $3,500 para cada uno de sus demás hijos demandantes.

Al recurrir ante nos la Autoridad de Tierras, concedió término este Tribunal a los demandantes recurridos para mostrar causa por la cual no debía modificarse la sentencia, a los fines de "limitar las indemnizaciones concedidas sólo a los demandantes Teodomira Meléndez, Efraín Torres Meléndez, Myrna Rodríguez Torres y Marcolina Torres considerado el hecho de que solo declararon Teodomira y Efraín y la estipulación se limita al hecho de que 'de declarar Myrna Rodríguez Torres y Marcolina Torres declararían lo mismo que han declarado los demandantes exclusivamente en cuanto a los daños'". Se intimó, además, en la resolución sobre mostración de causa, limitar la concesión de intereses a partir de la fecha de la sentencia y modificar la suma concedida para honorarios de abogado. El Tribunal Superior, habiendo hallado a los demandados incursos en temeridad, les impuso intereses al tipo legal desde la presentación de la demanda más $9,000.00 para honorarios de abogado.

Excepto en cuanto a los intereses, cuya imposición desde la presentación de la demanda no procede contra el Estado, sus municipios, agencias, instrumentalidades o funcionarios en su carácter oficial (Regla 44.3 de Procedimiento Civil), creo que la sentencia del tribunal de instancia debe mantenerse. Me baso en los siguientes fundamentos:

*Moa* v. *E.L.A.*, 100 D.P.R. 573 (1972), citado por este Tribunal en su sentencia para justificar la eliminación de las indemnizaciones concedidas a Sandra y a los hijos de don Juan que no vivían con él para la fecha de su muerte, no puede entenderse como que impone a un demandante

que reclama haber sufrido daños morales la obligación de él personalmente declarar sobre tales daños. Concedo que, por ser ello de naturaleza subjetiva, ordinariamente nadie puede expresar mejor que uno mismo el dolor que produce la pérdida de un ser querido. No hay regla que permita medir el valor de tales daños, si es que pueden traducirse en términos de dólares y centavos. Pero presumir que una persona no ha sufrido daños compensables por el hecho de que no declare personalmente sobre el particular es desconocer la naturaleza humana. Precisamente en *Moa*, página 587, expresa este Tribunal:

> . . . Sufrir moralmente el padre por el infortunio del hijo, es, en términos generales, un hábito ordinario de la vida, un proceso psíquico inevitable en todo ser humano normal. Ello es de reconocimiento común y general, notorio e indisputable, que en el nivel de las pruebas, es o debe ser de conocimiento judicial, aun cuando no se ofrezca evidencia alguna al efecto.

Eso fue precisamente lo que hizo el tribunal de instancia, y así lo hizo constar, según reconoce la parte recurrente en su petición de revisión ante nos, página 8, en que dice: "[c]on relación a los demás demandantes el propio tribunal manifestó que podía tomar conocimiento judicial de los sufrimientos mentales de los mismos". No aparece que ello fuera objetado por los recurrentes. Véase la Regla 4, Reglas de Evidencia de 1979.

En la número dos de sus determinaciones de hechos expresó el tribunal sentenciador: ". . . Sandra y Myrna eran nietas de Don Juan. Éstas, hijas de Juanita, vivían con su abuelo a la fecha de su muerte. Ambas nietas habían sido criadas desde pequeñas por Don Juan Torres". ¿Qué razón puede justificar que se acepte conceder una indemnización de $5,000.00 por daños morales a Myrna y se elimine igual indemnización concedida a Sandra, por el hecho de que ésta no declarase? ¿Debemos presumir que Sandra era insensible al dolor por la muerte de su abuelo y padre de

crianza, presunción que tenía que rebatir sentándose a declarar?

Precisamente el propósito de tomar conocimiento judicial de un hecho es acelerar los procedimientos judiciales y no recargarlos con la presentación de pruebas innecesarias. Véanse *Lluberas* v. *Mario Mercado e Hijos*, 75 D.P.R. 7, 20 (1953); Conrad, *Modern Trial Evidence*, V. 2, sec. 995 (1956); y McCormick, *On Evidence*, 2da ed. (1972), sec. 332. Véase, además, la Regla 11 de la Reglas de Evidencia de 1979, y los comentarios que le siguen.

En cuanto a los hijos de don Juan que no vivían en su compañía y que no declararon, es evidente que ese fue factor tomado en consideración por el tribunal sentenciador al determinar las cuantías de indemnización de cada cual. Mientras que a Marcolina y Efraín, que vivían con él, les adjudicó $6,000.00 a cada uno, la cantidad determinada para los otros fue de $3,500.00 a cada uno. No creo que ni en Derecho ni en justicia se deba ir más allá. Se debe presumir el dolor y el sufrimiento de los hijos cuando falta el padre, no lo contrario. Posiblemente los que vivían con don Juan van a sentir su ausencia más de cerca que los otros. Esto no quiere decir que los otros no van a sentirla también.

Un fundamento adicional para oponerme a la modificación que hace este Tribunal de la sentencia recurrida es que la parte recurrente no ha cuestionado en su recurso ante nos la procedencia de indemnizaciones a favor de la nieta Sandra y de los hijos, cuyas indemnizaciones este Tribunal elimina. La parte recurrente basa su recurso en tres planteamientos, a saber: (1) que no procedía responsabilizar a la Autoridad de Tierras por el accidente, (2) que no procedía imponerle a la Autoridad el pago de intereses desde la presentación de la demanda y (3) que "la cuantía de $58,000.00" (totalidad de las indemnizaciones) es excesiva. Al eliminar las indemnizaciones de Sandra y de los hijos que no prestaron testimonio, este Tribunal no responde

a planteamiento alguno. Huelga abundar en el principio de que nuestro Derecho es rogado, aparte de que, como señaláramos precedentemente, la parte recurrente no formuló objeción alguna cuando el tribunal de instancia tomó conocimiento judicial de los sufrimientos mentales de todos los demandantes. La sentencia de este Tribunal hace una incursión injustificada en el sano principio adversativo de nuestro Derecho procesal.

No pretendo que una persona que demanda judicialmente por daños morales sufridos a causa de la muerte de un ser querido esté relevada de probar tales daños por el solo hecho del parentesco. Pero el tomar conocimiento judicial de que se han sufrido daños con motivo de tal relación es un medio de prueba en sí. Aquí fue utilizado ese medio de prueba, se dio oportuno aviso de ello, y no se objetó. En cuanto a la cuantía de los daños, sería prolijo enumerar los casos en que hemos resuelto que ello descansa en la sana discreción del tribunal sentenciador, y que hay diversidad de factores a considerar para determinarlos. Lo cercano del vínculo familiar, las edades y las relaciones entre los parientes son algunos de dichos factores. El tribunal de instancia tuvo ante sí dichos factores y sin duda los ponderó al fijar las cuantías. No hay base para intervenir con su discreción.

Expediría el auto solicitado al único fin de eliminar la computación de intereses desde la presentación de la demanda, en lo que a la Autoridad de Tierras se refiere. Con esa única modificación confimaría la sentencia recurrida.