# 95 DTA 108

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE ARECIBO Y UTUADO

GILBERTO A. QUILES CUEVAS
Demandante-Apelado

v.

ASOCIACION DE EMPLEADOS DEL ESTADO
LIBRE ASOCIADO DE PUERTO RICO
Demandado

Núm. KLAN-95-00207

San Juan, Puerto Rico, a 5 de mayo de 1995

Panel integrado por su presidente, Arbona Lago
y los Jueces Giménez Muñoz y Salas Soler

Salas Soler, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Se recurre de una sentencia dictada por el Tribunal de Primera Instancia, subsección de Distrito, Sala de Lares (Juez Roberto L. Martínez Pomales) en la que se declara Con Lugar la demanda incoada por el demandante-apelado en daños y perjuicios otorgándose un total de $3,000.00 más $500.00 en honorarios de abogado.

Hemos examinado la apelación a la cual se le unió un extenso apéndice. De acuerdo a la Regla 16 del Reglamento del Tribunal de Circuito de Apelaciones del 3 de febrero de 1995, dentro de los treinta (30) días siguientes a la presentación del recurso la parte apelada deberá someter su escrito y el apelante deberá perfeccionar el recurso sometiendo la exposición narrativa de la prueba o la transcripción de la evidencia. En el caso ante nos, dichos trámites no han sido concluídos██ Debido al resultado que hemos llegado, no hace falta la Exposición Narrativa de la Prueba. Tomamos como cierta la relación de hechos del apelante y estando en condiciones de resolver así lo hacemos.

El señor Gilberto Quiles Cuevas (el recurrido) trabajó durante diez (10) años en la Oficina de Asuntos de la Juventud, y como empleado público, pertenecía a la Asociación de Empleados del Estado Libre Asociado de Puerto Rico (la Asociación) con quienes mantenía una cuenta de ahorros que pagaba dividendos, además de varios préstamos. El recurrido renunció a su cargo el 13 de enero de 1989, y al momento de su renuncia tenía varios préstamos sin saldar por un total de $2,581.46. La suma que tenía el recurrido en ahorros y dividendos no cubría la totalidad de lo adeudado por concepto de préstamo, quedando sin cubrir un total de $377.40. El recurrido fue orientado en su empleo y en la Asociación sobre los trámites a realizar para liquidar el balance pendiente. Gestionó a través de su patrono, Oficina de Asuntos de la Juventud que el balance adeudado fuera descontando de su balance de vacaciones. El patrono tramitó el formulario AELA-196, enviándolo al Departamento de Hacienda el 6 de febrero de 1989. El recurrido entendió que los trámites realizados daban por pagos y saldos los préstamos que mantenía con la Asociación. Posteriormente el señor Quiles Cuevas realizó gestiones de crédito, compra de artículos, enseres, y de tarjeta de crédito que no fueron aceptadas por una certificación negativa de la United Credit Bureau (U.C.B.), que lo calificaba como deudor moroso debido a un préstamo que no había sido pagado a la Asociación y a otros incidentes en su historial crediticio.

Ante la situación antes descrita, el señor Quiles Cuevas verificó el estado de situación de sus préstamos con la Asociación, y fue en esa segunda ocasión que el recurrido se entera que el préstamo aparece sin saldar por no haber radicado el Formulario AEELA-61. Es entonces que el señor Quiles cumplimentó el requerido formulario. Para esa fecha la Asociación le había notificado a la U.C.B. que el préstamo del señor Quiles Cuevas había vencido hacía cinco (5) meses. La Asociación no realizó gestión de cobro sobre el préstamo, y tampoco orientó al recurrido sobre la necesidad de formalizar sus documentos.

El recurrido presentó demanda contra la Asociación en daños y perjuicios, alegando que al informar a la U.C.B. una deuda inexistente, le había causado daños estimados en un total de $50,000.00. Solicitó además, la cancelación de la deuda y que se corrigiera la clasificación de morosidad en la U.C.B.

Luego de escuchar a las partes en la vista en su fondo y examinar la prueba el Tribunal de Instancia determinó que la Asociación había actuado de manera negligente al orientar al recurrido en cuanto al saldo de sus préstamos; en las gestiones posteriores para el cobro del mismo, y sobre la solicitud de que se eliminara la clasificación de moroso en la U.C.B. Concedió un total de $3,000.00 en concepto de daños y perjuicios y $500.00 en honorarios de abogado.██ El Tribunal Sentenciador fundamentó su decisión en que la negligencia administrativa de la Asociación le fue perjudicial al recurrido. Debido a que el apelado tenía otros factores crediticios adversos se redujo la cantidad de la indemnización solicitada.

La apelante, Asociación de Empleados del E.L.A. señala en su escrito dos errores:

1. *"[e]rró el Honorable Tribunal al concluir que la Asociación incurrió en negligencia en la transacción objeto de controversia en el presente caso, en un momento crucial en relación a los daños que alega el demandante".* y,

*2. "[é]rro el Honorable Tribunal al imponer una condena de daños y perjuicios sin que el demandante presentara evidencia de daños, más el pago de gastos, costas y honorarios de abogado".*

Para fundamentar el primer señalamiento de error la Asociación expresa que sirve a 150,000 socios o miembros y que su sistema mecanizado se está reorganizando. Infiere con ello, que los errores y omisiones son posibles. También aduce que el señor Quiles Cuevas no cumplimentó el formulario correcto. La apelante señala que la única actuación que se podría tomar como negligente de su parte fue la tardanza al cancelar la deuda y notificar la modificación a la U.C.B.█ Además alega que de determinarse que dicha actuación fue negligente, entonces habría que examinar la prueba para determinar daños, ya que la mayoría de la prueba presentada para determinar daños es anterior al año 1992, fecha en la que no había incurrido en ninguna clase de negligencia.

En cuanto al segundo error la apelante indica que no se probó que el apelado hubiera recibido daños por razón de que la Asociación mantuvo el informe de cuenta morosa en la U.C.B. En cuanto a las costas y gastos indica que no procede su adjudicación por no haberse presentado Memorando de Costas de acuerdo a la Regla 44.1 de Procedimiento Civil, ni los honorarios de abogado, pues sólo procede su concesión cuando se ha actuado con temeridad.

Una persona viene obligada a otro entre otras cosas, por los actos u omisiones ilícitas en que intervenga cualquier género de culpa o negligencia. Art. 1802 del Código Civil, 31 L.P.R.A. sec. 2992. Para que prospere una acción bajo el Art. 1802, *supra*, deben concurrir tres requisitos, a saber: (1) la realidad del daño sufrido; (2) el nexo causal entre el daño y la acción u omisión de otra persona; y (3) que el acto u omisión sea culposo o negligente. *Torres Maldonado v. J.C. Penney*, ___ D.P.R. ___ (1992), **92 J.T. S. 62;** *Sociedad v. González Padín*, 117 D.P.R. 94 (1986).

Conforme a la prueba presentada y creída por el Tribunal de Instancia el demandante-apelado demostró todos los requisitos para que prosperara su causa de acción. El acto u omisión culposo o negligente de la Asociación consiste, no en uno, sino en varios actos u omisiones negligentes. La Asociación no ofreció el asesoramiento adecuado desde un principio, y no indicó al señor Quiles Cuevas la necesidad de efectuar otros trámites para cumplir con sus obligaciones. Tampoco registró al recurrido como empleado que había cesado en su empleo y no efectuó ninguna gestión para solicitar el pago de lo adeudado limitándose a informar de dicho atraso a la U.C.B. Luego que el apelado hiciera las gestiones necesarias para llenar los documentos correspondientes, la Asociación no canceló la deuda hasta un año después de haberse radicado los mismos. Además, no solicitó que la U.C.B. modificara la designación de deudor moroso hasta un mes después de radicada la demanda, o sea, un año y nueve meses después de radicado el formulario. El apelante pretende en su escrito que dichas actuaciones u omisiones negligentes sean vistas como meros errores o deficiencias propias de un sistema que opera con múltiples usuarios como lo es la Asociación de Empleados del E.L.A. y de un nuevo sistema computadorizado.

Negligencia es descuido, omisión, falta de aplicación. *Diccionario de La Lengua Española* (Real Academia Española), 19na ed., Madrid, Ed. Espasa-Calpe, 1970. La negligencia es función de riesgos y surge del incumplimiento del deber de actuar con cuidado, estableciendo un riesgo de daños a otras personas. *Elba A.B. v. U.P.R.*, ___ D.P.R. ___ (1990), **90 J.T.S. 13;** *Sociedad v. González Padín, supra; Concepción Guzmán v. A F.F.*, 92 D.P.R. 488 (1965); *Pabón Escabí v. Axtmayer*, 90 D.P.R. 20 (1964); *Rodríguez Ramírez v. Franqui Viera*, 86 D.P.R. 766 (1962); *Alvarez v. Hernández*, 74 D.P.R. 493 (1953); *Jorge v. Umpierre*, 49 D.P.R. 78 (1935).

En cuanto al requisito de la acción de probar el daño sufrido, el Tribunal Sentenciador

acertadamente encontró probados los mismos al demostrar el apelado que le había sido negado o limitado el crédito y que ésto le había afectado su vida personal. La relación entre el acto u omisión y el daño también fue probada. La apelante pretende que se tome en cuenta que el informe de morosidad dado por ella a la U.C.B. era sólo uno entre otros de los elementos que habían tomado las instituciones pertinentes en consideración al determinar si conceder o no el crédito solicitado. El Tribunal de Instancia así lo hace saber en su sentencia y toma en cuenta este hecho al hacer su determinación. La relación causal se rige por la teoría de la causalidad adecuada. *Torres Maldonado v. J.C. Penney, supra; Cárdenas Maxán y otro v. Rodríguez Rodríguez,* ___ D.P.R. ___ (1990), **90 J.T.S. 36,** pág. 7559. *"Sólo es causa aquella que ordinariamente produce el resultado, según la experiencia general; lo determinante es si era de esperarse la ocurrencia del daño." Torres Maldonado v. J.C. Penney, supra,* pág. 9513 citando a *Cárdenas Maxán v. Rodríguez Rodríguez,s upra.*

El señor Quiles Cuevas alegó y probó unos daños generales que derivan naturalmente del acto y que el Tribunal puede estimar sin necesidad de ser probados en forma específica. *Meléndez v. Lebrón,* 111 D.P.R. 45 (1981); *Morales v. Roldán,* 110 D.P.R. 701 (1981); *Encarnación v. E.L.A.,* 113 D.P.R. 383 (1982); *Odriozola v. Superior,* 116 D.P.R. 485 (1985). La facultad del tribunal apelativo para alterar las conclusiones de hecho de un tribunal inferior está limitada a aquellos casos en que estas conclusiones sean claramente erróneas. Regla 43 de Procedimiento Civil, 32 L.P.R.A. Ap. III, *Sánchez v. López,* 116 D.P.R. 172 (1985); *Pérez v. Hospital,* 115 D.P.R. 721 (1984). El Tribunal Apelativo no intervendrá con la cuantía que se fijó en instancia a no ser que ésta sea exageradamente alta o ridículamente baja. *Rodríguez v. Padilla,* ___ D.P.R. ___ (1990), **90 J.T.S. 23;** *Alba A.B. v. Universidad de Puerto Rico, supra.*

En cuanto a la imposición a la apelada del pago de gastos, costas y honorarios de abogado, las costas son todos los gastos necesarios para la tramitación de un pleito. Regla 44 de Procedimiento Civil, 32 L.P.R.A., Ap. III; *Rodríguez v. A.E.E.,* 116 D.P.R. 443 (1985); *Hermandad v. V. & E. Construction,* 115 D.P.R. 711 (1984); *Nudelman v. Ferrer,* 107 D.P.R. 495 (1978); *Piñeiro v. Martínez,* 104 D.P.R. 587 (1976).

Las costas las impone el Tribunal para que las pague el que perdió el pleito. La Regla 44 de Procedimiento Civil también indica el procedimiento para reclamar las costas. Se tiene 10 días a partir de la notificación de copia de la sentencia en autos, para detallar las partidas de los gastos necesarios en que incurrió. Del expediente no surge si esta gestión se realizó. Lo que surge de la Sentencia es que el Juez impuso una cantidad determinada en concepto de honorarios de abogado. Los honorarios de abogado es una suma que el tribunal impone en aquellos casos en que concluye que la parte que no prevaleció fue temeraria. Regla 44.1(d) de Procedimiento Civil, L.P.R.A. Ap. III; *Vega v. Luna,* ___ D.P.R. ___ (1990), **90 J.T.S. 71.** Es temerario aquel que litiga frívolamemte, sin razones jurídicas para ello. *Fernández v. San Juan Cement,* 118 D.P.R. 713 (1987). El juez tiene discreción para hacer esta determinación sobre todo ante unos hechos innegables y una situación de derecho clara.

Por lo fundamentos anteriormente expuestos, se desestima el recurso instado y se confirma la Sentencia recurrida.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz<br>
Secretaria General

**1.** Véase Regla 37(c) (5) que dispone que el apéndice conjunto contendrá copia de: "... *la exposición de la prueba oral, conforme con los términos dispuestos en la Regla 36".*

**2.** La Sentencia indica en su parte dispositiva:

*"Se declara Ha Lugar la presente demanda y en su consecuencia se condena a la Asociación de Empleados del Estado Libre Asociado de Puerto Rico a compensar a Gilberto A. Quiles Cuevas en la suma de $3,000.00 en adición a las costas, gastos y $500.00 en honorarios de abogado por los daños y perjuicios causados al demandante".* Véase Apéndice Núm. 1, pág. 19.

**3.** El apelado llenó el formulario AEELA-61 el 20 de mayo de 1992 y la Asociación no canceló la deuda hasta el 7 de junio de 1993. Se notificó de la modificación a la U.C.B. en febrero de 1994.

**4.** El señor Quiles Cuevas sufrió daño como consecuencia de la información errónea suministrada por la Asociación a la U.C.B. sobre su capacidad de pago la cual estaba clasificada como 9-B, la clasificación más adversa para los fines de crédito. El Tribunal de Instancias es claro en su sentencia al indicar:

*"Lo que no podemos concluir y/o determinar es, si el crédito le hubiese sido concedido al demandante si en el sistema de puntuación, no le hubiesen incluído el préstamo de la Asociación de Empleados. Lo que sí podemos asegurar es que fue el factor más adverso que tuvo el Citibank para negarle el crédito y que sin duda alguna fue tomado en cuenta por dicha institución a los efectos de la negación de crédito.* No nos cabe la más mínima duda de que la inclusión del préstamo de la Asociación de Empleados del E.L.A. en el informe crediticio del U.C.B. le fue perjudicial al demandante a los efectos de la solicitud de crédito con esta institución como para con las otras". Sentencia del 8 de febrero de 1995, pág. 17. Véase Apéndice Núm. 1, Folio 18.