Sucesores de Pérez Hermanos, Demandantes y Apelados, *v.* Sucesores de Abarca, Demandada y Apelante.

No. 3146.—*Visto:* Febrero 29, 1924. *Resuelto:* Abril 29, 1924.

Cobro de Giro—Daños y Perjuicios—Causa de Acción—Intereses.—Una demanda en la cual se alega que al ser presentado a los demandados para su pago un giro expedido contra ellos a la orden de los demandantes, se apropiaron aquéllos del giro sin pagarlo ni hacer objeción al pago, negándose además a devolverlo, por lo cual se pide sentencia por su importe con intereses desde que debió ser pagado, aduce hechos suficientes para sostener una acción de daños y perjuicios que surge, no cuando vencía el giro sino desde el momento en que fué retenido, desde cuyo momento son debidos los intereses.

Sentencia de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando con lugar la demanda, con costas. *Confirmada.*

*F. Soto Gras,* abogado de la apelante; *A. Sarmiento,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La demanda en este caso es como sigue:

"Sucesores de Pérez Hermanos en liquidación por medio de su abogado Antonio Sarmiento ejercitan acción personal contra Sucesores de Abarca en cobro de dinero y como causa de este pleito, alegan:

"1. Que la demandante y la demandada son sociedades mercantiles constituidas según el Código de Comercio vigente en Puerto Rico con domicilio en San Juan y que no han sido declaradas legalmente incapacitadas para comparecer en juicio y demandar o ser demandadas.

"2. Que la sociedad demandante recibió un giro expedido por los Sres. Sellés Casas y Cía. de San Lorenzo a la orden de los Sres. demandantes y a cargo de los demandados por $1,020.00 y que presentado al pago dicho giro en primero del corriente mes de junio a los dichos demandados éstos se apropiaron el giro, sin pagarlo ni hacer objeción a su pago, y han cargado su importe a los giradores.

"3. Que requeridos los demandados para que devolvieran el giro referido o su importe los demandados se han negado a hacer la devolución o la entrega.

"Por todo lo cual suplico a la corte que en su día dicte sentencia contra los demandados condenándolos al pago de los $1,020.00, intereses legales de esta suma desde la fecha en que debió ser pagado y las costas, gastos y honorarios de abogado de los demandantes si se opusieran a esta demanda."

La demandada formuló excepción previa, alegando que la demanda no aduce una causa de acción, y la corte declaró sin lugar la referida excepción. La teoría que se sostiene en la excepción previa es que en la demanda no se alega que la obligación está vencida. A instancia de la demandada, la corte dictó entonces sentencia a favor de los demandantes, con intereses legales desde el día primero de junio.

Sostiene la apelante que Sucesores de Abarca aceptaron el giro y que por ello quedaron responsables del pago del

mismo desde la fecha en que venció y no antes. La apelante alega además que la propia demandante reconoció que debió existir un documento con fecha fija al decir en el párrafo final de su demanda que se condenara a la demandada a pagar la suma reclamada con intereses legales de dicha suma desde la fecha en que debió ser pagada. El último párrafo no es un modelo de claridad.

Esta no es una acción establecida por virtud de una letra de cambio como tal. La demandante no alega la aceptación del giro. Esto se asume en el alegato de la apelada y hasta cierto punto la suposición es una admisión solemne contra su interés. Sin embargo, la demandada no puede regular la interpretación que ha de darse a las palabras de la demanda. Lo que la demanda sí expresa es que al ser presentado el giro para su pago, Sucesores de Abarca cargaron su importe a los giradores, se apropiaron el giro, no lo pagaron ni hicieron objeción a dicho pago y se han negado hacer la devolución del mismo. Esto puede ser interpretado como una aceptación, pero de todos modos la demandante quedó privada de su giro, y ha optado demandar fundada en la obligación consiguiente por la cual la firma de Sucesores de Abarca es responsable. El pleito puede considerarse como uno por daños y perjuicios con motivo de la retención del giro. La demandante no puede negociar directamente el giro, asumiendo que ha sido aceptado, ni tampoco proceder en contra de los girantes. En cuanto a dichos giradores existía una completa novación siendo sustituidos Sucesores de Abarca por los referidos giradores. Por consiguiente, la obligación principal era exigible desde el momento en que Sucesores de Abarca se apropiaron el giro y la única cuestión dudosa es la reclamación en cuanto a los intereses.

La apelante nos haría inferir que el párrafo final de la demanda indicaba que la sociedad demandante estaba confiando en la fecha del vencimiento del propio giro, pero dicho párrafo no hace mención del giro y es susceptible de

una interpretación mucho más liberal. Al apropiarse la demandada el giro y negarse a entregarlo ella era responsable por los daños y perjuicios inmediatamente, y el importe de estos daños puede interpretarse como vencido a partir de la fecha en que la apropiación tuvo lugar, esto es, en junio 1°. de 1922. El artículo 1074 del Código Civil prescribe lo siguiente:

"Art. 1074.—Los daños y perjuicios de que responde el deudor de buena fe son los previstos o que se hayan podido prever al tiempo de constituirse la obligación y que sean consecuencia necesaria de su falta de cumplimiento.

"En caso de dolo responderá el deudor de todos los que conocidamente se deriven de la falta de cumplimiento de la obligación."

Asumiendo la buena fe de Sucesores de Abarca, los intereses deben contarse sobre la suma principal desde la fecha en que la demandada quedó hecha responsable por los mismos, o sea, junio 1°. de 1922. El artículo 1075 del Código Civil habla de intereses legales cuando no se estipulan intereses y los intereses legales son un substituto justo de los daños y perjuicios que sobrevienen por dejar de pagarse la obligación principal al hacerse el requerimiento.

*La sentencia apelada debe ser confirmada.*