Martínez Fernández & Cía., S. en C., demandante y apelada, *v.* José García, demandado y apelante.

Núm. 9605.—*Sometido:* Febrero 3, 1948. *Resuelto:* Marzo 12, 1948.

R. A. *Arroyo Ríos,* abogado del apelante; R. *Dávila Ortiz* y *Faustino R. Aponte,* abogados de la apelada.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En el único error señalado alega el apelante que la Corte de Distrito de Humacao erró "al dictar sentencia condenando al demandado a pagar a la demandante intereses devengados sobre la suma de $95.14, a razón del 6 por ciento anual, desde la fecha de la interposición de la demanda hasta el día de la sentencia y las costas de esta acción."

De los autos surge que en 9 de septiembre de 1935 la demandante Martínez Fernández & Cía., S. en C., radicó demanda ante la Corte de Distrito de Humacao en que alegaba haber concedido un crédito refaccionario al demandado José García por la suma de $2,000, que éste recibió en distintas partidas, y que dicha cantidad el demandado ha satisfecho a la demandante $1,304.86, adeudándole el balance de $695.14, más intereses hasta la fecha de la radicación de la demanda ascendentes a $71.16. En ella se solicitaba sentencia condenando al demandado al pago de dicha suma, más $71.16 de intereses devengados y los que se devenguen desde la radicación de la demanda hasta el pago total de la deuda, así como la cantidad de $250 fijada para costas, gastos y honorarios del demandante.

En 23 de octubre del mismo año contestó el demandado y luego de negar todos los hechos expuestos en la demanda, adujo como defensa especial que sólo había recibido de la demandante por concepto del aludido crédito la suma de $1,400; que de ella había pagado $1,304.86, más los intereses correspondientes, y que sólo adeudaba $95.14, suma "que

el demandado está dispuesto y siempre lo ha estado, a satisfacer a los demandantes . . . . ." En la súplica de la contestación se solicita de la corte "se sirva dictar sentencia en este caso, condenando al demandado a pagar a los demandantes la suma de $95.14 y declarar sin lugar los demás extremos de la demanda, condenando en costas a los demandantes."

También se desprende de los autos que en 18 de febrero de 1936 se emitió una orden de embargo y que a virtud de la misma se embargaron, tres días más tarde, dos fincas del demandado de 5 y 9 cuerdas, respectivamente, sembradas de caña de azúcar, con sus retoños.

Así las cosas, transcurrieron ocho años sin que se hiciera por una u otra parte gestión ulterior en el caso, hasta que en 26 de abril de 1943, por razones que no se desprenden de los autos, se radicó por la mercantil demandante una llamada demanda enmendada que es copia literal de la archivada en 9 de septiembre de 1935. A esa demanda enmendada no contestó el demandado hasta el 5 de junio de 1945. Tampoco aparece explicada esta tardanza de más de dos años. La contestación a la referida demanda enmendada podría decirse que es igualmente una copia literal de la contestación radicada en 23 de octubre de 1935 a la demanda original.

En 7 de junio de 1945 la demandante radicó un "Requerimiento de Admisión", en armonía con lo provisto por la Regla 36(a) de las de Enjuiciamiento Civil, solicitando a virtud del mismo que el demandado admitiera (1) la concesión y recibo del crédito refaccionario por $2,000; (2) la inscripción del mismo en el Registro de Contratos Agrícolas del Distrito de Humacao; (3) la fijación en la escritura a virtud de la cual se otorgó el crédito de la suma de $250 para costas, gastos y honorarios de abogado; (4) el pago tan sólo de $1,304.86 a cuenta del referido crédito y la exis-

tencia de un balance de $695.14, más $71.16 de intereses hasta la fecha de la radicación de la demanda, así como de los que se devengaren; y que copia de la escritura de refacción se halla en los autos. En contestación a ese requerimiento el demandado negó haber recibido los $2,000 mencionados por la demandante y alegó en contrario que sólo había recibido $1,400; admitió los párrafos 2, 3, y 5 del mismo; del párrafo 4 admitió haber abonado a la deuda refaccionaria la suma de $1,304.86, y alegó que el préstamo se limitó a la indicada suma de $1,400 y que sólo restaba $95.14, sosteniendo además que los intereses devengados habían sido satisfechos a la demandante antes de radicarse la demanda.

No fué hasta el 30 de julio de 1947 que tuvo lugar el juicio del caso. Al resolver el mismo 15 días más tarde, la corte inferior dictó una opinión en que expone y analiza la prueba aportada por ambas partes y llega a la conclusión de que el demandado José García adeuda a la sociedad demandante única y exclusivamente la suma de $95.14, más intereses a razón del 6 por ciento anual desde la interposición de la demanda. Dictó sentencia en ese sentido, incluyendo las costas de la acción. A virtud de la apelación interpuesta por el demandado contra esa sentencia se encuentra ahora el caso ante nos.

■■ No ha cometido la corte a quo el error imputádole. Si bien en su alegato el apelante hace mención de los artículos 313 y 336 del Código de Enjuiciamiento Civil, sin embargo admite en seguida que éstos no son de aplicación al caso por haber quedado derogados por la Regla 68 de las de Enjuiciamiento Civil.[1] Inmediatamente hace referen-

---

[1]No ha habido tal derogación. Las Reglas de Enjuiciamiento Civil son aplicables a aquellos casos y procedimientos taxativamente especificados en la Regla 81. El Código de Enjuiciamiento Civil ha seguido en toda su fuerza y vigor para aquellos casos y recursos a los cuales las Reglas de Enjuiciamiento Civil no son aplicables.

cia a la indicada Regla(²) y sostiene que dada la forma en que está redactada su contestación, la súplica que aparece al final de la misma equivale a "la oferta de sentencia" a que se hace mención en la aludida regla. No estamos de acuerdo.

Aunque la demanda original se radicó en época en que a pleitos ordinarios de esta naturaleza les eran aplicables los preceptos del Código de Enjuiciamiento Civil, nada hay que demuestre que el demandado, no obstante la súplica de su contestación, diera cumplimiento para aquel entonces a lo provisto por los referidos artículos 313 y 336 de dicho Código. Por otra parte, en manera alguna puede decirse, como sostiene el demandado, que el embargo trabado sobre bienes de su propiedad equivaliera al depósito a que alude el último de los mencionados artículos o que se diera cumplimiento sustancial a cualquiera de ellos. Durante años el pleito continuó pendiente(³) y cuando en 1 de septiembre de 1943 empezaron a regir las Reglas de Enjuiciamiento Civil al mismo le fueron aplicables sus disposiciones, no sólo

(²)"Regla 68.—Oferta de Sentencia.—En cualquier momento antes de los diez días precedentes al comienzo del juicio, la parte que se defiende contra una reclamación podrá notificar a la parte adversa una oferta para consentir que se dicte sentencia en su contra por la cantidad o la propiedad o al efecto especificado en su oferta, con las costas hasta ese momento devengadas. Si dentro de los diez días siguientes a la notificación la parte adversa notificare por escrito que la oferta es aceptada, cualquiera de las partes podrá entonces archivarla junto con la notificación de su aceptación y la prueba de su notificación y entonces el secretario de la Corte anotará la sentencia. Si no fuere así aceptada, será considerada como retirada y la misma no será admisible en evidencia. Si la parte adversa dejare de obtener una sentencia más favorable que la que le fué ofrecida, en ese caso no podrá recobrar costas devengadas con posterioridad a la fecha de la oferta y estará obligada a pagarlas a partir de dicha fecha, todo sin perjuicio de la concesión de honorarios de abogado si la Corte entendiere que cualquiera de las partes ha procedido con temeridad."

(³)"Artículo 348.—Un pleito se considera pendiente desde que principia hasta su resolución final en apelación, o hasta que haya expirado el tiempo para interponer el recurso de apelación a menos que se haya cumplido el fallo con anterioridad."

por así establecerse taxativamente en la Regla 86(⁴) sino también a virtud de la aplicabilidad de estatutos procesales a procedimientos pendientes a la fecha en que tales estatutos empiezan a regir. *Royal Bank* v. *Tribunal de Contribuciones*, 65 D.P.R. 345, 350; *Vivó* v. *Medina*, 65 D.P.R. 874, 879; *López* v. *South P. R. Sugar Co.*, 62 D.P.R. 238, 243; y *Mason* v. *White Star Bus Line*, 53 D.P.R. 337, 340. Bajo estas condiciones, como este pleito se hallaba pendiente en 1 de septiembre de 1943 al mismo le es de aplicación lo provisto en las mencionadas Reglas.

■ Se recordará que, según ya hemos indicado, en la contestación original se decía ''que el demandado está dispuesto y siempre lo ha estado a satisfacer a los demandantes el importe total de su deuda con ellos, o sean $95.14,'' y que se suplicaba de la corte dictara sentencia ''condenando al demandado a pagar a los demandantes la suma de $95.14 y declarando sin lugar los demás extremos de la demanda, condenando en costas a los demandantes.'' Se recordará asimismo que en la contestación a la llamada demanda enmendada se hacían alegaciones idénticas a las contenidas en la contestación original y que la súplica de la misma leía literalmente igual a la de la contestación original. También, que en contestación al Requerimiento de Admisión el demandado negó el monto de la deuda reclamádale, así como que debiera intereses hasta el momento de la radicación de la demanda, y aceptó adeudar al demandante la suma de $95.14. Empero, la Regla 68 va más lejos de lo que el demandado hizo. No basta que en su contestación él mera-

---

(⁴)''Regla 86.—*Fecha en que Empezarán a Regir.*—Estas reglas empezarán a regir el día primero de septiembre de 1943. Se regirán por ellas todos los procedimientos en acciones iniciadas después que las mismas hayan empezado a regir, y también todos los procedimientos subsiguientes en acciones que estuvieren entonces pendientes, excepción hecha en tanto en cuanto en opinión de la corte su aplicación a una acción determinada pendiente no sea factible o pueda causar una injusticia, en cuyo caso se aplicará el procedimiento anterior.''

mente aceptara adeudar determinada suma de dinero a la demandante y que solicitara de la corte se dictara sentencia en su contra por esa cantidad. Tampoco que en respuesta al "Requerimiento de Admisión" aceptara adeudar la cantidad por la cual, luego de visto el caso en sus méritos, se dictó sentencia en su contra. La Regla 68 exige algo más. Ella exige, entre otras cosas, que en cualquier momento antes de los diez días precedentes al comienzo del juicio se notifique a la parte adversa *una oferta* para consentir que se dicte sentencia por la cantidad o la propiedad o al efecto especificado en su oferta, *con las costas hasta ese momento devengadas*. En este caso la súplica de la contestación podría considerarse como la oferta a que hace referencia la citada Regla. Pero esa oferta era insuficiente, ya que le faltaba el requisito de obligarse a pagar las costas hasta el momento en que se hizo la oferta. En cuanto a éstas, lejos de aceptar el demandado que se impusieran hasta el momento de hacerse la oferta, tal cual provee la Regla 68, solicitó en la súplica de su contestación que se condenara a la demandante al pago de las mismas. La que bajo esta Regla ha de hacerse deberá ser una oferta incondicional e incluirá las costas devengadas hasta el momento de hacerse la misma. De lo contrario la oferta será insuficiente. Moore's *Federal Practice,* Vol. 3, pág. 3363, *et seq.* *Cf. Home Ins. Co. of New York* v. *Kirkevold,* 160 F.2d 938, 941. No hubo, pues, de parte del demandado una oferta como la requerida por la mencionada Regla.

En cuanto a los intereses, bastará con decir que de acuerdo con el artículo 1061 del Código Civil, Edición de 1930, el demandado viene obligado a pagarlos.(⁵) La corte

(⁵)"Artículo 1061.—Si la obligación consistiere en el pago de una cantidad de dinero y el deudor incurriere en mora, la indemnización de daños y perjuicios, no habiendo pacto en contrario, consistirá en el pago de los intereses convenidos, y a falta de convenio, en el interés legal." Véase también la Ley número 5 de 17 de agosto de 1933 (Prim. Ses. Ext., página 27) que fija un tipo de interés anual de $6.00 sobre cada $100 cuando se ha dictado un fallo o sentencia.

398

impuso éstos a partir de la radicación de la demanda. Véase *Sucrs. de Pérez Hnos.* v. *Sucrs. de Abarca,* 33 D.P.R. 105, 108.

██ De haberse el demandado acogido a lo provisto por los artículos 313 ó 336 del Código de Enjuiciamiento Civil, o por la Regla 68 de Enjuiciamiento Civil, la imposición de costas estaría limitada a lo dispuesto por dichos artículos o Regla. No habiéndolo hecho así y habiéndose dictado sentencia a favor de la parte demandante, aunque tan sólo por la cantidad originalmente especificada por el demandado en la súplica de su contestación, las costas han de imponerse a éste a tenor de lo provisto por el artículo 327 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley 94 de 11 de mayo de 1937, pág. 239.

*Debe confirmarse la sentencia apelada.*