EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Héctor Rivera Álvarez<br><br>Demandante-Peticionario<br><br>v.<br><br>Periódico El Vocero, et al.<br><br>Demandados-Recurridos | Certiorari<br><br>2003 TSPR 147<br><br>160 DPR _____ |

Número del Caso: CE-1994-738

Fecha: 29 de septiembre de 2003

Tribunal Superior de Puerto Rico, Sala de Bayamón

Juez Ponente:

Hon. Jeannette Tomasini Gómez

Abogado de la Parte Peticionaria:
Lcdo. Ernesto Reyes Blassino

Abogados de la Parte Recurrida:
Lcdo. Francisco Ortiz Santini
Lcdo. Juan R. Marchand Quintero
Lcdo. José E. Colón Rodríguez

Materia: Libelo y Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Héctor Rivera Álvarez

    Demandante-Peticionario

       v.

                          CE-1994-738     Certiorari

Periódico El Vocero, Et. Al.

    Demandados-Recurridos

SENTENCIA

San Juan, Puerto Rico, a 29 de septiembre de 2003.

El 9 de agosto de 1994, el Tribunal Superior, Sala de Bayamón, dictó una sentencia sumaria— notificada el 15 de agosto de 1994— desestimando en su totalidad una reclamación por libelo y daños y perjuicios instada por el Sr. Héctor Rivera Álvarez contra el periódico *El Vocero*. En su dictamen, el foro de instancia condenó al demandante al pago de costas y gastos, pero sin especial condena por honorarios de abogado.

Posteriormente, el 17 de agosto de 1994, El Vocero presentó un memorando de costas en el cual incluyó una partida de $7,656.25 por concepto de honorarios de abogado en virtud de la Regla 35.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 35.1.

Arguyó El Vocero que dicha partida era procedente toda vez que el Sr. Rivera Álvarez rechazó una oferta de sentencia que resultó ser más favorable que la finalmente adjudicada.

Así las cosas, el 8 de septiembre de 1994, el tribunal *a quo* emitió una orden— archivada en autos su notificación el 14 de septiembre de 1994— aprobando el memorando de costas sometido por el Sr. Rivera Álvarez.

Inconforme con la imposición de honorarios de abogado, el Sr. Rivera Álvarez, mediante solicitud de *certiorari*, recurrió ante nos el 14 de octubre de 1994.

Examinados los señalamientos de error, y los alegatos de las partes, se expide el auto de *certiorari* y se dicta sentencia dejando sin efecto aquella parte del dictamen recurrido que dispone para el pago de honorarios de abogado conforme a la Regla 35.1 de Procedimiento Civil, *supra*.

Así lo pronunció el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río emitió una Opinión de Conformidad, a la cual se unen los Jueces Asociados señores Fuster Berlingeri y Rivera Pérez. La Juez Asociada señora Naveira de Rodón concurre con el resultado sin opinión escrita. El Juez Presidente señor Andréu García y el Juez Asociado señor Hernández Denton disienten sin opinión escrita. El Juez Asociado señor Rebollo López no interviene.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Héctor Rivera Álvarez

    Demandante-Peticionario

       v.                    CE-1994-738
    Certiorari

Periódico El Vocero, Et. Al.

    Demandados-Recurridos

Opinión de Conformidad emitida por el Juez Asociado señor Corrada del Río, a la cual se unen los Jueces Asociados señores Fuster Berlingeri y Rivera Pérez

San Juan, Puerto Rico, a 29 de septiembre de 2003.

Mediante la Sentencia que hoy se certifica modificamos una orden del Tribunal Superior de Puerto Rico, Sala de Bayamón, (en adelante, "TPI") que aprobó un memorando de costas que incluía honorarios de abogado bajo la Regla 35.1 de Procedimiento Civil, I, 32 L.P.R.A. Ap. II R. 35.1 (en adelante, "Regla 35.1").

Pese a que suscribimos el dictamen que hoy se certifica, nos expresamos por separado para hacer constar nuestro parecer sobre la naturaleza y aplicación de la referida Regla 35.1 de Procedimiento Civil, *supra*.

I

El 18 de agosto de 1992, el Sr. Héctor Rivera Álvarez (en adelante, "el peticionario") instó una demanda por libelo y daños y perjuicios contra el periódico El Vocero, el señor Miguel Rivera Puig, la Sociedad de Gananciales compuesta por éste y su esposa, entre otros. En esencia, el demandante alegó que como resultado de la publicación de una foto en la edición de 21 de octubre de 1991 de dicho periódico— en la cual se confunde al peticionario con un convicto de nombre Héctor Rivera— sufrió daños a su reputación profesional y las ventas en su negocio Héctor Cash and Carry mermaron, al punto que tuvo que cerrarlo. Por tal razón, el peticionario solicitó como indemnización por los alegados daños la suma de ciento treinta y cinco mil dólares ($135,000.00).

Tras varios trámites procesales, el 18 de enero de 1994, El Vocero presentó una moción de sentencia sumaria en la cual adujo que en el caso no estaban presentes los elementos que configuran la negligencia de parte de un medio informativo; que la noticia no era difamatoria como cuestión de hecho; y que no existía relación causal entre la publicación objeto de la demanda y los daños alegados. El 27 de enero de 1994, el peticionario

presentó su escrito oponiéndose a la referida moción.

Posteriormente, mediante carta de 27 de abril de 1994, El Vocero hizo una oferta de sentencia al peticionario. Dicha carta expresaba lo siguiente:

> De conformidad con los términos de la Regla 35.1 de Procedimiento Civil, por conducto de esta misiva le formulo la siguiente oferta de sentencia. Mi cliente se allanaría a que se dicte sentencia en su contra, a cambio de que su cliente acepte la cantidad de $1,000.00 como indemnización total por los efectos que la publicación objeto de la demanda haya podido tener sobre su persona.
>
> Aprovecho la oportunidad para señalarle y recordarle que dicha oferta es una final y que la propia Regla 35.1 establece el término de 10 días para que su cliente nos informe por escrito que acepta esta oferta, si tal fuera el caso. Por último, le informo que en el caso de que nuestro cliente prevalezca en este pleito, habremos de proceder a solicitar del tribunal que se le reembolsen las costas y gastos incurridos, así como una cantidad en concepto de honorarios de abogado.

Esta oferta fue rechazada por el demandante mediante carta de 10 de mayo de 1994.

Así las cosas, el 9 de agosto de 1994, el TPI dictó sentencia sumaria, notificada el 15 de agosto de 1994, desestimando en su totalidad la reclamación contra El Vocero. Asimismo, el foro recurrido condenó al demandante al pago de costas y gastos, *pero sin especial condena por honorarios de abogado*.

No obstante, el 17 de agosto de 1994, El Vocero presentó un memorando de costas en el cual incluyó una partida de $7,656.25 por concepto de honorarios de abogado en virtud de la Regla 35.1, *supra*. Por su parte, el peticionario presentó un escrito titulado "OBJECIÓN A MEMORANDO DE COSTAS", mediante el cual solicitó que no se aprobara el referido memorando. En dicho escrito, el peticionario expuso los siguientes argumentos en apoyo de su contención: (1) que los honorarios de abogado no son parte de las costas de un litigio; (2) que la concesión de honorarios de abogado conlleva una previa determinación de temeridad; y (3) que los honorarios solicitados son excesivos ya que la Regla 35.1, *supra*, sólo concede los mismos contados a partir de la fecha de la oferta, hecha el 27 de abril de 1994.[1]

_____

[1] Luego de la oferta de sentencia, según consta del expediente, la representación legal de El Vocero realizó los siguientes trabajos:

1. toma de deposición al Sr. Félix Ramos Reyes, contador del demandante;

2. preparación de Escrito Suplementando la Moción en Solicitud de Sentencia Sumaria, presentado el 25 de mayo de 1994;

3. presentarse a la vista de seguimiento

El TPI dictó una orden el 8 de septiembre de 1994, archivada en autos su notificación el 14 de septiembre de 1994, mediante la cual aprobó el memorando de costas y declaró sin lugar la oposición. El 26 de septiembre de 1994, el peticionario presentó una moción de reconsideración, la cual fue declarada sin lugar mediante resolución de 5 de octubre de 1994, archivada en autos el 14 de octubre del mismo año.

Inconforme con la orden de 8 de septiembre de 1994, el peticionario acudió ante nos mediante recurso de *certiorari*.[2]    En su escrito, el

---

del 3 de junio de 1994.

4.  preparación de un memorando de costas, presentado el 17 de agosto de 1994.

[2] Al momento de presentarse este recurso de *certiorari* estaba vigente la Ley de la Judicatura de 1952, según enmendada. El artículo 5, sección 14-C, inciso (e) disponía lo siguiente:

[e]l Tribunal Supremo podrá revisar mediante *certiorari*, a ser librado a su discreción, cualquier resolución u orden interlocutoria que dicte el Tribunal Superior. En estos casos, el recurso de *certiorari* se formalizará presentando una solicitud en la Secretaría del Tribunal Supremo dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden. La Secretaría del Tribunal Supremo remitirá copia de dicha solicitud a la Secretaría de la Sala del Tribunal Superior que dictó la resolución u orden objeto del recurso. El término

peticionario adujo que el Tribunal Superior cometió los siguientes errores, a saber:

1. declarar con lugar una partida de honorarios de abogado como parte de un memorando de costas;

2. conceder al demandado una partida por concepto de honorarios de abogado sin una previa determinación de temeridad en la sentencia del 9 de agosto de 1994;

3. determinar que la Regla 35.1 de Procedimiento Civil opera automáticamente, ya que esto es contrario a nuestra tradición jurídica la cual está predicada en la determinación de temeridad;

4. conceder los honorarios de abogado, ya que los mismos son excesivos.

Por estar íntimamente relacionados, analizaremos conjuntamente los errores señalados.

II

Una oferta de sentencia es una propuesta escrita que hace el demandado o la parte contra la cual se reclama a aquél que reclama, en el sentido de que el demandado se allana a que el tribunal dicte sentencia en su contra bajo los términos que expone en su oferta de sentencia. Rafael Hernández

---

aquí dispuesto es de cumplimiento estricto, excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de *certiorari*. (Bastardillas en el original). 4 L.P.R.A. sec. 37-1(e).

Colón*, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, San Juan, Michie de P.R., 1997, sec. 3804, pág. 268. Este mecanismo le permite a un demandado librarse de parte de las costas del pleito y de los honorarios de abogado en caso de que la sentencia no sea más favorable [al demandante] que la oferta que hizo. *Véase Ramallo Brothers v. Federal Express Corp.*, 129 D.P.R. 499, 508 (1991); *H.U.C.E. v. V. &. E. Eng. Const.*, 115 D.P.R. 711 (1985).[3]

En nuestro ordenamiento, esta figura está regulada por la Regla 35.1 de Procedimiento Civil, *supra*, la cual dispone que:

> [e]n cualquier momento antes de los diez (10) días precedentes al comienzo del juicio, la parte que se defiende de una reclamación podrá notificar a la parte adversa una oferta para consentir a que se dicte sentencia en su contra por la cantidad o por la propiedad o en el sentido especificado en su oferta, con las costas devengadas hasta ese momento. Si dentro de los diez (10) días siguientes a la notificación la parte adversa notificare por escrito que acepta la oferta, cualquiera de las partes podrá presentarla junto con la notificación de su aceptación y la prueba de su notificación, y entonces el secretario del tribunal dictará sentencia. Si no fuere así aceptada, será considerada como retirada y la misma no será admisible en evidencia, excepto en un procedimiento para determinar costas, gastos y honorarios de abogado. ***Si la***

---

[3] *Véase además* J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Publicaciones JTS, 1979, Vol. II, pág. 177.

***sentencia que obtuviere finalmente la parte a quien se le hizo la oferta no fuera más favorable, ésta tendrá que pagar las costas, gastos y honorarios de abogado incurridos con posterioridad a la oferta.*** El hecho de que se haga una oferta y ésta no sea aceptada no impide que se haga otra subsiguiente. Cuando la responsabilidad de una parte haya sido adjudicada mediante sentencia pero queda aún por resolverse en procedimientos ulteriores la cuantía de los daños o extensión de dicha responsabilidad, la parte cuya responsabilidad se haya adjudicado podrá notificar una oferta de sentencia y la misma tendrá el mismo efecto que una oferta hecha antes de[l] juicio si se notifica dentro de un término razonable no menor de diez (10) días antes del comienzo de la vista (énfasis suplido).

Del texto de la citada regla, podemos advertir que el propósito primordial de la misma es promover las transacciones. *Morell v. Ojeda*, res. el 20 de julio de 2000, 151 D.P.R. ____ (2000), 2000 T.S.P.R. 120, 2000 J.T.S. 132; *Ramallo Brothers v. Federal Express Corp.*, *supra*, pág. 508; *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, *supra*, pág. 716. Asimismo, que ésta constituye un mecanismo procesal efectivo para disminuir los costos de la litigación, así como para agilizar la pronta disposición de las reclamaciones judiciales y reducir la carga de los tribunales. *Ramallo Brothers v. Federal Express Corp.*, *supra*. Ello es así toda vez que las partes se ven en la obligación de evaluar sensatamente la posibilidad

de transigir la reclamación en controversia *vis-à-vis* la probabilidad que tienen de prevalecer en el pleito y los costos y riesgos que puedan incurrir como consecuencia de una litigación prolongada. *Ramallo Brothers v. Federal Express Corp., supra.*[4]

Para lograr dicho objetivo, la misma regla señala por anticipado las consecuencias para el demandante en caso de que éste rechace la oferta –a pesar de su razonabilidad– y persista –innecesariamente– en llevar adelante su causa de acción, obteniendo posteriormente un remedio que no es más favorable que aquél ofrecido. Así pues, la Regla establece explícitamente que, en dicho supuesto, el demandante tiene que pagar no sólo las costas y gastos efectuados con posterioridad a la oferta presentada, sino también los honorarios de abogados incurridos durante dicho período. *Morell v. Ojeda, supra*, a la pág. 9; *Ramallo Brothers v. Federal Express Corp., supra*, pág. 517.

Por otra parte, a pesar de que la Regla 35.1, *supra*, está disponible únicamente para la parte que se defiende de una reclamación, la misma constituye, en cierto sentido, un mecanismo neutral, el cual resulta beneficioso para ambas

---

[4] *Véase además Marek v. Chesny*, 473 U.S. 1, 4 (1985).

partes. *Morell v. Ojeda*, *supra*, a la pág. 11. De un lado, provee un mecanismo para que la parte demandante pueda recibir una compensación en un pleito en el cual, finalmente, no hubiese recibido indemnización alguna, o hubiera recibido una inferior a la ofrecida. *Id.* Mientras que, de otro lado, permite a la parte demandada librarse de los costos de un pleito, de todos los contratiempos que ello conlleva y de poder ser responsabilizada por una suma de dinero mucho mayor a la ofrecida. *Id.*

Dicha disposición reglamentaria, además, resulta beneficiosa para el sistema judicial, toda vez que contribuye a la pronta solución de las reclamaciones. *Id.* Por tanto, puede concluirse que la Regla 35.1, *supra*, provee un mecanismo para que ambas partes en el pleito evalúen los riesgos y costos del litigio y consideren seriamente la posibilidad de transigir el pleito en una etapa anterior al juicio.

En relación a la aplicación de la referida Regla 35.1, *supra*, en *Morell v. Ojeda*, *supra*, una mayoría de este Tribunal resolvió que los honorarios de abogado dispuestos en la misma no aplican automáticamente al recaer una sentencia más desfavorable que la ofrecida. Antes de concederlos, expresó esta Curia, el tribunal tiene

que hacer una determinación de que el demandante fue temerario al no aceptar una oferta razonable. *Id*., a la pág. 25.

Aprovecharíamos, sin embargo, la oportunidad que nos brinda este caso para modificar ligeramente lo resuelto en *Morell*, *supra*, a fin de establecer que la imposición de honorarios de abogados opere *ex proprio vigore* al rechazar una **oferta razonable** bajo dicha regla.  Veamos.

III

La oferta de sentencia tiene su origen en el Art. 313 del Código de Enjuiciamiento Civil de Puerto Rico de 1904— el cual, a su vez, provenía del Art. 997 del Código de Enjuiciamiento Civil de California. En lo pertinente, el Art. 313 disponía que "si el demandante no pudiese obtener una sentencia más favorable, no solo no podrá reclamar las costas devengadas despues [sic] de la proposición, sino que tendrá que pagar las causadas por el demandado desde la fecha en qué [sic] este [sic] propuso la transacción." Art. 313 del Código de Enjuiciamiento Civil de 1904. Es decir, la única consecuencia del rechazo de la oferta era el pago de las costas incurridas luego de la proposición. Posteriormente, el Art. 313 del Código de Enjuiciamiento Civil de 1933 conservó el mismo lenguaje. 32 L.P.R.A. ant. sec. 1361.

Sin embargo, en 1943, con la promulgación de unas nuevas Reglas de Enjuiciamiento Civil, el mecanismo de la oferta de sentencia quedó preceptuado en la Regla 68. La misma rezaba como sigue:

> [e]n cualquier momento antes de los diez días precedentes al comienzo del juicio, la parte que se defiende de una reclamación podrá notificar a la parte adversa una oferta para consentir que se dicte sentencia en su contra por la cantidad o la propiedad o al efecto especificado en su oferta, con las costas hasta ese momento devengadas. Si dentro de los

diez días siguientes a la notificación la parte adversa notificare por escrito que la oferta es aceptada, cualquiera de las partes podrá entonces archivarla junto con la notificación de su aceptación y la prueba de su notificación y entonces el secretario de la Corte anotará la sentencia. Si no fuere así aceptada, será considerada como retirada y la misma no será admisible en evidencia. **Si la parte adversa dejare de obtener una sentencia más favorable que la que le fue [sic] ofrecida, en ese caso no podrá recobrar costas devengadas con posterioridad a la fecha de la oferta y estará obligada a pagarlas a partir de dicha fecha, todo sin perjuicio de la concesión de honorarios de abogado si la Corte entendiere que cualquiera de las partes ha procedido con temeridad.** (Énfasis nuestro.)

De una lectura de la referida regla, se desprende clara y explícitamente que el cambio adoptado –el pertinente a los fines de la presente controversia– fue que se incluyó la referencia a la concesión de honorarios de abogados, la cual no constituía *per se* una sanción al rechazo de la oferta. Por el contrario, la imposición de honorarios quedaba a la discreción del tribunal –en el caso de que entendiese que alguna parte había sido temeraria. En otras palabras, la imposición del pago de honorarios era independiente del trámite de la oferta de sentencia.

No obstante, tanto en las Reglas de Procedimiento Civil de 1958 como en las de 1979, se incluyó el mecanismo de oferta de sentencia como

parte de los *procedimientos anteriores al juicio.*[5] Además, se introdujo como sanción el pago de honorarios incurridos como consecuencia de rechazar la oferta y se eliminó toda mención a que dicho pago sería impuesto de manera independiente en caso de que el tribunal entendiese que una de las partes hubiese actuado con temeridad durante el pleito.[6]

A diferencia de la Regla 44.1(d) de Procedimiento Civil –que expresamente requiere una previa determinación de temeridad para la imposición del pago de honorarios de abogado–,[7] la Regla 35.1 establece un mecanismo separado de la Regla 44.1(d) encaminado a sancionar al demandante que rechaza una oferta de sentencia razonable, obligándole a pagar los honorarios incurridos con posterioridad a la

---

[5] Cabe señalar que, en lo pertinente, la Regla 35.1 de Procedimiento Civil de 1958 es similar a la Regla 35.1 del 1979.

[6] *Véase Anteproyecto de Reglas de Enjuiciamiento Civil para el Tribunal General de Justicia* 84 (1954). Allí, el Comité Consultivo que redactó las Reglas de 1958 indicó que se proponía añadir "los gastos y honorarios de abogados [sic] como penalidad en adición a las costas."

[7] La Regla 44.1(d), *supra*, dispone:

> (d) *Honorarios de abogado.* – En caso [de] que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. (Bastardillas en el original.) 32 L.P.R.A. Ap. III (Supl. 1999).

oferta. Evidentemente, en este supuesto, se penaliza al demandante por el gasto en que incurrió el oferente al verse obligado a permanecer en el pleito, a pesar de haber gestionado -de buena fe- la solución de la controversia.

Si bien ambas reglas pautan para la imposición de honorarios de abogado, la Regla 35.1 claramente presupone que el rechazar una **oferta razonable** es una conducta temeraria *per se.* Por lo cual, la imposición del pago de honorarios de abogado es automática por proseguirse innecesariamente un pleito que pudo evitarse o concluirse en una etapa temprana.[8] Todo ello en contra del principio rector de las Reglas de Procedimiento Civil dirigido a la "solución justa, rápida y económica de todo procedimiento." 32 L.P.R.A. Ap. III. R. 1.

Es decir, de lo antes expuesto se desprende que la Regla 35.1 tiene vida propia e independiente de la Regla 44.1(d). Incluso, como expresáramos anteriormente, la oferta de sentencia es un

_____

[8] Incluso, cabe indicar que, en *Meléndez v. Levitt & Sons of P.R.*, 104 D.P.R. 797, 814-815 (1976), señalamos que "en todo litigio civil, cualquier parte tiene en sus manos un instrumento efectivo para liberarse de las costas y honorarios que el concepto de temeridad conlleva en virtud de lo dispuesto en la Regla 35.1 de las de Procedimiento Civil vigentes." Igualmente, la parte que rechaza una oferta de razonable de sentencia, incurre en temeridad, sin que haya que hacer una determinación expresa a esos efectos.

*mecanismo* *especial* dentro del capítulo de los procedimientos anteriores al juicio.

Afirmar lo contrario, convierte en un ejercicio fútil la inclusión del pago de honorarios de abogado como sanción a través de la Regla 35.1.

Por ende, de ser aplicable la Regla 35.1 el demandante vendrá obligado a pagar los "honorarios de abogado incurridos con posterioridad a la oferta." 32 L.P.R.A. Ap. III. La razón de esta sanción es que el demandante es responsable por los gastos –costas y honorarios– que de haber aceptado la oferta no se hubiesen incurrido. Sobre el particular, el Profesor Antonio García Padilla comenta:

> [l]a forma en que la R. 35.1 describe el pago que contempla es significativamente distinta de la forma en que lo describe la Regla 44.1(d). Esta última, como he dicho, prescribe para la parte que ha procedido con temeridad "el pago de una suma por concepto de honorarios de abogado." Obsérvese claramente que la R.44(d) no manda que la parte temeraria satisfaga a su contraparte los honorarios de abogado incurridos por ésta; manda, en vez, al pago de una suma por concepto de honorarios de abogado.
>
> La R. 35.1 es distinta. Es clara al prescribir que la parte que no obtiene sentencia más favorable que la oferta "tendrá que pagar las costas, gastos y honorarios de

abogado incurridos con posterioridad a la oferta." **Ahora no se trata de una suma por concepto de algo; ahora se trata de satisfacer unas partidas concretas según incurridas: las costas, gastos y honorarios de abogado.** (Énfasis nuestro.) A. García Padilla, *Procedimiento Civil*, 62 Rev. Jur. U.P.R. 843, 851-852 (1993).[9]

No obstante lo anterior, reafirmamos lo señalado en *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, *supra*, pág. 716, en cuanto a que -dentro del marco conceptual de la Regla 35.1, *supra*,- "el tribunal de instancia conserva naturalmente su discreción para determinar la razonabilidad de la cuantía de honorarios que interesa cobrar el oferente." *En otras palabras, que a pesar de que como regla general la imposición de honorarios de abogado procede automáticamente de darse las condiciones dispuestas por la Regla 35.1, supra, el tribunal conserva su discreción para no concederlos si, a su sano juicio, la oferta de sentencia fue irrazonable.*

En cuanto al mecanismo a utilizarse para cobrar los referidos honorarios, de un examen del texto de la Regla 35.1, *supra*, colegimos que la misma no dispone la forma específica para reclamarlos subsiguientemente al rechazo de la oferta. Al respecto, lo único que preceptúa la

---

[9] Véase también, M. Velázquez Rivera, *Procedimiento Civil*, 60 Rev. Jur. 913, 943-944 (1991).

regla es que de rechazar el demandante la oferta, la misma no es admisible en evidencia salvo "en un procedimiento para determinar costas, gastos y honorarios de abogado." 32 L.P.R.A. Ap. III R. 35.1. Como consecuencia de dicha omisión, tenemos dos alternativas para subsanarla, a saber: (1) que se incluya la partida en el memorando de costas, regido por la Regla 44.1(b) de Procedimiento Civil;[10] o (2) que se presente un escrito a tales fines.

---

[10] En lo pertinente, la Regla 44.1(d) expresa lo siguiente:

> (b) *Cómo se concederán.* – La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito o procedimiento. El memorándum de costas se presentará bajo juramento y consignará que según el leal saber y entender del reclamante o de su abogado, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento. Si no hubiere impugnación, el tribunal aprobará el memorándum de costas, y podrá eliminar cualquier partida que considere improcedente, luego de conceder al solicitante la oportunidad de justificar la misma. Cualquier parte que no esté conforme con las costas reclamadas podrá impugnar las mismas en todo o en parte, dentro del término de diez

Entendemos que el mecanismo más conveniente y apropiado es el de incluir la partida por concepto de honorarios de abogado en un escrito aparte, siempre y cuando el mismo sea juramentado y sometido dentro de un término similar al dispuesto en la Regla 44.1(b) para la presentación del memorando de costas. Al reclamar dicha partida, el abogado del demandado tiene que suministrar un desglose de las tareas realizadas, así como las horas empleadas para gestionar tales tareas y el cargo por hora.

De este modo, el tribunal que dictó la sentencia tiene ante su consideración, dentro de los diez (10) días de su notificación, todas las cuantías reclamadas- tanto costas como honorarios de abogado -en escritos bajo juramento. Además, de estar inconforme con la cantidad reclamada como honorarios, el demandante conoce de antemano los términos y trámites específicos para impugnar dicha suma.

En el caso de marras, aunque el tribunal de instancia no siguió el procedimiento descrito, ello no implica que tengamos que anular la concesión de honorarios de abogado bajo la Regla

_____

(10) días contados a partir de aquel [sic] en que se le notifique el memorándum de costas....(Bastardillas en el original.) 32 L.P.R.A. Ap. III (Supl. 1999).

35.1 por el hecho de estar incluida en el memorando de costas.[11] No obstante, debemos examinar si bajo las circunstancias del caso de autos, se justificaba aplicar la Regla 35.1.[12] Veamos.

IV

De conformidad con el texto de la Regla 35.1, la parte que hace la oferta tiene que cumplir con ciertos requisitos para que entre en juego la figura de la oferta de sentencia y se sancione al reclamante por no haber aceptado la oferta, a saber:

---

[11] Cabe señalar que, en aquellos casos en que el demandado reclame la partida de honorarios de abogado– bajo la Regla 35.1, *supra*– en un memorando de costas, no implica que dicha suma sea considerada como costas. En *Pérez Pascual v. Vega Rodríguez,* 124 D.P.R. 529 (1989), vía excepción, permitimos que se reclamase una partida de honorarios de abogado interlocutorios en un memorando de costas. *Véase Andino Nieves v. A.A.A.,* 123 D.P.R. 712 (1989).

[12] El peticionario no cuestionó el que la oferta rechazada no cumpliera con los requisitos de la Regla 35.1. A pesar de ello, en aras de impartir justicia y de no aplicar el derecho en el vacío, consideraremos –al amparo de nuestro poder inherente– dicho error patente, que hiere la retina. Véase, *Hernández v. Espinosa*, res. el 3 de abril de 1998, 98 TSPR 40, 145 D.P.R. ___ (1998), 98 JTS 41; *López Vicil v. I.T.T. Intermedia, Inc.*, res.

**continúa...**

[12] **...continuación**
el 4 de abril de 1997, 142 D.P.R. ___ (1997), 97 JTS 42; *Ríos Quiñones v. Adm. Servs. Agrícolas,* res. el 20 de mayo de 1996, 140 D.P.R. ___ (1996), 96 JTS 71.

1. que el demandado, o parte cuya responsabilidad haya sido adjudicada, presente a la parte adversa una oferta en cualquier momento antes de los diez (10) días precedentes al juicio o a la vista sobre la cuantía de los daños o extensión de dicha responsabilidad, respectivamente;

2. que dicha oferta señale que el demandado consiente a que se dicte sentencia en su contra por la cantidad, por la propiedad o en el sentido especificado en su oferta, con las costas devengadas hasta ese momento

3. que el demandante no acepte la oferta; y,

4. que el tribunal dicte una sentencia menos favorable para el demandante en comparación con la oferta hecha.

Además de los requisitos antes mencionados, en *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, *supra*, reiterado en *Ramallo*, *supra*, establecimos el requisito fundamental de que al aplicar la presente regla es necesario que **la oferta sea una razonable, realista y de buena fe**.

Al evaluar la razonabilidad de la oferta, el tribunal tiene que remontarse **al momento en que el demandante la recibió**. Desde ese punto de vista, el tribunal considerará la suma ofrecida *vis-à-vis* varios factores, *inter alia*: los riesgos implícitos de la litigación -probabilidad de prevalecer en los méritos-, los gastos anticipables en la preparación del caso y la complejidad del mismo. Del mismo modo, también

evaluará lo avanzado del descubrimiento de prueba realizado, los honorarios de abogado incurridos y las sumas concedidas en casos similares, si alguno -claro, tomando en consideración el año y la etapa en los procedimientos que dichos casos fueron resueltos.

Por otra parte, cabe señalar que, en *Martínez Fernández & Cía v. García*, 68 D.P.R. 391 (1948) adoptamos la norma de que para que una oferta conformara los requisitos de la oferta de sentencia era necesario que en ésta el demandado se obligara a pagar las costas hasta el momento en que se hizo la oferta. De lo contrario, la oferta era insuficiente.

Sin embargo, en *Marek v. Chesny*, *supra*, el Tribunal Supremo de los Estados Unidos, interpretando la Regla 68 de Procedimiento Civil federal, similar a la nuestra, rechazó el argumento de que el oferente tiene que detallar en la oferta, además de la cantidad que se concede como indemnización, la cantidad que cubre las costas, siempre y cuando ***no se excluyan explícitamente las costas de la oferta***. *Id.,* pág. 6.[13] Si la oferta no incluye una cantidad para el

---

[13]     Nuestra regla es similar a la Regla 68 de las Reglas de Procedimiento Civil Federal, 28 U.S.C.A. R. 68. La diferencia estriba en que la Regla federal es silente

pago de las costas, el tribunal está obligado a incluir una cantidad para el pago de éstas. Concluimos, por consiguiente, que el criterio rector es que si la oferta no incluye pero no excluye explícitamente las costas, la oferta es una suficiente y se entiende bien hecha si se cumplen los demás requisitos. *Id.,* pág. 7.

Ciertamente, una vez el demandante acepta la oferta, el demandado se convierte en la parte perdidosa y el tribunal está obligado a imponerle el pago de costas. *Blás v. Hospital Guadalupe,* *supra*; *Auto Servi, Inc. v. E.L.A.,* 142 D.P.R. 321 (1997); *J.T.P. Dev. Corp. v. Majestic Realty Corp.,* 130 D.P.R. 456 (1992)*; Garriga, Jr. v. Tribunal Superior,* 88 D.P.R. 245 (1963). El tribunal, desde luego, siempre aquilatará la razonabilidad de las partidas reclamadas en el memorando de costas.

Las decisiones del Tribunal Supremo de los Estados Unidos interpretando textos idénticos sobre esta área tienen valor persuasivo, *H.U.C.E. de Ame. v. V. & E. Eng. Const., supra; Pueblo v. Dolce,* 105 D.P.R. 422, 426-428 (1976).

...**continuación**

[13] ...**continuación**
respecto a los honorarios de abogado, sosteniendo únicamente que "the offeree must pay the costs incurred after the making of the offer."

Adoptaríamos, por considerarla correcta, la norma establecida en *Marek v. Chesny, supra.*

Así establecida la doctrina relativa a la Regla 35.1, *supra*, nos corresponde, pues, aplicarla al caso ante nos.

V

El primer requisito antes esbozado (la presentación de la oferta) se cumple en el caso de marras ya que El Vocero, como parte demandada, hizo una oferta al demandante el 27 de abril de 1994, con más de diez (10) días de antelación al juicio que celebraría el 23 de mayo de 1995.

En relación con el segundo requisito (consentimiento del demandado), el demandado aceptó que se dictara sentencia en su contra por la cantidad de mil dólares ($1,000.00) como indemnización total, sin mencionar costas. Sin embargo, según resolviéramos anteriormente, el hecho de que no se mencione el pago de costas no causa que la oferta sea una insuficiente. Por lo tanto, el segundo requisito está presente.

El tercer requisito (rechazo de la oferta por el demandante) es de aplicación a los hechos ante nos. El demandante, mediante carta fechada el 10 de mayo de 1994, rechazó la oferta de sentencia hecha por El Vocero.

El cuarto requisito (sentencia menos favorable) se cumplió igualmente ya que, luego de varios trámites, el tribunal de instancia dictó sentencia desestimando la demanda incoada por el demandante. Es decir, que el demandante obtuvo una sentencia menos favorable en comparación con la oferta presentada por El Vocero. *H.U.C.E. de Ame. v. V. & E. Eng. Const.*, supra.

Respecto al requisito de que la oferta sea una razonable, realista y de buena fe, adoptado por este Tribunal en *H.U.C.E. de Ame. v. V. & E. Eng. Const., supra,* entendemos que la oferta de mil dólares ($1,000.00) hecha por El Vocero incumple con esta norma. El demandante reclamó la suma de ciento treinta y cinco mil dólares ($135,000.00) por los daños que, a su entender, le causó El Vocero. Estos daños incluían el deterioro de su reputación profesional, aparte de daños por la pérdida de su negocio.

Al momento de recibir la oferta, el trámite del pleito se encontraba bastante avanzado. Entre otras cosas, se le había tomado una deposición al demandante, cada parte había sometido interrogatorios a la parte contraria, el demandante había presentado contestación a moción de sentencia sumaria sometida por el demandado, se había presentado el Informe sobre Conferencia Preliminar

entre Abogados y, por último, ambas partes habían comparecido ante el tribunal el 29 de marzo de 1994. Por lo que, la oferta por una cantidad ínfima —mil dólares ($1,000.00)— tan avanzados los procedimientos fue irrazonable.

Examinados los requisitos necesarios para una oferta de sentencia, concluimos que no se cumplió con ellos por ser la oferta de mil dólares ($1,000.00) irrazonable. Por tal razón, no procedía que se impusieran los honorarios de abogado al amparo de la Regla 35.1, *supra*.

Por los fundamentos antes expuestos, erró el TPI al conceder a la parte demandada honorarios de abogado al amparo de la Regla 35.1 de Procedimiento Civil, *supra*. En consecuencia, modificamos la orden emitida por dicho tribunal el 8 de septiembre de 1994 y dejamos sin efecto la imposición de honorarios de abogado a la parte demandante.

                              Baltasar Corrada del Río
                                   Juez Asociado